By the court.
An assault cannot be committed by words alone. But in this case, an atrocious battery was committed ; and it is not the question, whether an assault was committed, but whether the defendant, as particeps criminis, has been legally convict, éd as a principal: and we think he has. The law was not improperly laid down in the district court, on general principles; and is supported by authorities expressly in point. “ It seems to have been always agreed,” says Hawkins, see P. C. book 2, c. 29, § 2, “that whatsoever will make a man an accessary before in felony, will make him a principal in high treason, and trespass, as battery, (cites Keilw. 55) riot, rout, forcible entry, and even in forgery, and petit larceny. And therefore, wherever a man commands another to commit a trespass, who afterwards commits it. in pursuance of such command, he seems, by necessary consequence, to be as guilty of it, as if he had done it himself.” The act causing the injury to the plaintiff) need not proceed from the immediate assault, to make a party liable : but any wanton act, by which another suffers an assault, or battery, will make a man liable to an action, or indictment. See 1 Esp. Dig. 313. 3 Wils. 403. 2 Bl. R. 892.
Motion overruled.
Present, Watibs, Trezevant, and Brevard, Justices.