Johnson J.
delivered the opinion of the Court.
The ease made by the judge’s notes, taken on the trial, the concessions at the bar, appears to be this: Mn Griffin, a gentleman of the bar, placed in the hands of «tomes Robertson, the prosecutor, one of the deputy sheriffs of Edgefield District, a paper, purporting to a mortgage on a negro, then m the possession ot Robertson found the negro at Hamburg, and to°k him into his possession; and having occasion to stop, for the night, on his way to Edgefield, when he went to bed he chained the negro to his bed-post, and in addition to this, tied the negro with a rope, one end of which was tied to his own body. The defen-came to the house at night, and. avowed their determination to retake the negro at all hazards; and of Robertson’s remonstrances, broke the chain, cut the rope, and carried the negro off, with-having done any other violence to the person of the prosecutor; and the leading question is, whether •, -i, ° x this, m law, was an assault.
The general rule is, that any attempt to do violence the person of another, in a rude, angry, or resent *47 ¡ful manner, is an' assault; and raising a stick or fist, within striking distance, pointing a gun within the distance it will carry, spitting in one’s face, and the like, are the instances, usually put byway of tion. No actual violence is done to the person in any one of these instances; and I take it as clear that that is not necessary to an assault. It haá therefore, been held that beating a house in one is, striking violently a stick which he holds in hand, or the horse on which lie rides, is an assault;* The thing in these instances jfiriaking of the person-* alinviolability: Respublica v. D. Longchamp, 1 Dall. 114. Wamborough v. Schanck; Pen. Rep. 229, cited 2 part. Esp. Dig. 173. What was the case herer Laying the right of property in the negro out of the question, the prosecutor was in possession, and legally speaking, the defendants had no right to retake him with force. As far as .words could go, their conduct was rude and violent, in the extreme. They broke the chain with which the negro was confined to the bed-post, in which the prosecutor slept, and cut the rope by which he was confined to his person, and are clearly within the rule. The rope was as much identified with his person, as the hat or coat he wore, or the stick which he held in his hand.— The conviction was therefore right.
The indictment charges that Robertson was a deputy sheriff, and that the assault was committed on him in the execution of his office, and it is objected that there was no proof that the taking of the negro was in the execution of his office, and therefore the indictment is not supported.
The mortgage was not proved, but if it had been, the deputy sheriff, in taking possesion of the negro under it, can only be regarded as the agent of the mortgagee; there is no law which imposes it on him as a duty.— He cannot therefore be said to have been in the due and faithful execution of his office.
But yet the objection cannot aváll, where the character in which the party acts is a necessary ingredient in the offence, or when without it, the act complained *48 °f would be justifiable ; there it is necessary to aver and prove it. But when, as in this case, the offence is complete without it, the allegation is immaterial, and not be proved.
Bauskett <fc Jones, for the motion,
Thompson, Sol. contra.

Motion dismissed.