EvaNS, J.
delivered the opinion of the Court.
The course pursued in this case, of requiring the Solicitor to elect after the evidence has been heard, is the usual course pursued in like cases. Indeed. I do not well perceive how an election can be made, until it is known that two offences have been committed.
As to the second ground, there is no room for any difference of opinion. The general rule is that the intention must unite with the act, to make it morally or legally crimiual.
But human tribunals have no means by which to determine the intention, but the acts and declarations of the party. Acts and words are the outward signs of intention, and we cannot know the motive which influences any act but by these.
If one raise his fist, or a stick, in an attitude to strike, or a gun in a posture to shoot, we may well conclude he intends what his acts seem to indicate, and the law permits him who is thus endangered to defend himself against the threatened aggression. But if the act be accompanied by declarations or other unquestionable evidences of an absence of intention to do any violence, there the party thus apparently put in jeopardy is notified of the absence of any intention to commit a battery, and need not resort to violence in order to prevent it. This is the principle upon which the cases referred to in the argument were decided.
This case does not come within the principle, and the motion is dismissed. ' '
The whole Court concurred.

Motion refused.