The opinion of the Court was delivered by
Wardlaw, J.
The commonly-received definition of an assault is “ an attempt or offer, with force and violence, to do a corporal hurt to another,” when there was ability to complete the attempt or. offer by a battery. The force and vio *213 lence is but a translation of vi et armis, meaning some direct and immediate action distinguished from that which is indirect or remote; and the corporal hurt may be of the slightest kind, even such as would harm the outward body only through the inner feelings. The intent is of the essence of an assault as of other crimes, but where the act is such as to excite in the mind of the person assailed a just apprehension that a battery is intended, the defendant charged with an assault must show that his intent was not such as his act seemed to indicate. Whether, in a case where there could have been no intent to commit a battery, as where there was the presentation of a pistol unloaded, and known to the defendant, but not to the prosecutor, to be so, the proof of the harmlessness of the weapon should shield, from a charge of assault, one who had, by a demonstration which he knew would excite just apprehension, compelled submission to his will or sported with the feelings of a victim, we are not now called on to decide.
Here the jury have found the defendants “ guilty of an assault, but not with the intention of injuring the parties, and not of the battery.” What the jury meant by “injuring the parties ” may well be doubted. They say there was no battery; and overpowering in a scuffle, had for good purpose, they may have supposed would have been no injury — that is, no damage, if we regard the technical distinction between injury and damage.
The law was no doubt well expounded by the District Judge, for from his report it is manifest that he had in his mind the case of The State vs. Sims, (3 Strobhart, 137,) where the Judge on circuit said to the jury, “that if the defendant rode his horse so near to the prosecutor as to endanger his person, and create a belief in his mind that it was his intention to strike, and within striking distance, it would be an assault ;” — “that if his action and conduct were such as to create the belief in the mind of the prosecutor that he intended to ride upon or to strike him, he would be guilty of an assault.” *214 The jury likening a boat to a horse, as the Judge had done, found the defendant guilty of an assault. If they understood the law, they need not have added any thing to a verdict so finding: if they did not understand, they should have asked further instructions. Such a verdict as they rendered is not to be encouraged, and the Judge should'have regarded the offer of such a one as an application for further instructions, and should have given such instructions that there would have been no doubt of the law, or of the meaning of the jury.
The counsel for the defendants insists that the verdict is equivalent to a verdict of not -guilty. The Court does not so perceive it; but there is doubt of what the jury meant, and therefore a new trial is ordered.
Dunkin, C. J., and Inglis, A. J., concurred.

Motion for new trial granted.