STATE v. MANSEL.

1. CRIMINAL LAW—STATUTES REPEALED.—Principles stated applicable to violations of statutes which are repealed before sentence.

2. IBID.—JURISDICTION—THE COURT OF GENERAL SESSIONS has no jurisdiction of an offense of violating a statute which has been repealed before trial.

Before WATTS, J., Pickens, July, 1897. Reversed.

Indictment against Adam Mansel for taking orders for whiskey. From judgment against defendant, he appeals.

*Messrs. Morgan & Blassingame,* for appellant.

*Mr. Wm. Graydon,* for Solicitor Ansel, contra. (Arguments on point decided were oral.)

June 29, 1898. The opinion of the Court was delivered by

MR. JUSTICE GARY. The appellant was indicted, tried, and convicted, at the July, 1897, term of the Court for Pickens County, for a violation of section 41 of the Dispen-

sary Act, approved in March, 1896—22 Stat., 147—which is as follows: "Section 41. That it shall be unlawful for any person to take or to solicit orders, or to receive money from other persons for the purchase or shipment of any alcoholic liquors for or to such other persons in this State, except for liquors to be purchased and shipped from the dispensary; and any person violating this section, upon conviction, shall be deemed guilty of a misdemeanor, and shall be punished by imprisonment for a term of not less than three months nor more than twelve months, or by a fine of not less than $100 nor more than $500." The indictment alleged that the offense was committed on the 13th of March, 1897. The dispensary act of 1896 was amended by an act, approved 5th March, 1897, by striking out section 41, hereinbefore mentioned—22 Stat., 541. The act of 1897 went into effect on the twentieth day after its approval by the executive. The offense was, therefore, committed while the act of 1896 was in force and effect.

Upon the hearing of the case on appeal, the appellant raised the question that the Court of General Sessions did not have jurisdiction of the case, as the section of the statute under which the defendant was indicted was repealed before he was convicted and sentenced. The following principles are deduced from the authorities, where a person commits an offense under a statute which is repealed by a subsequent statute before sentence is pronounced upon him: 1. When the second act prescribes a greater punishment than the first act, the offending party may be punished under the first act. 2. When the punishment in the second act is less than is prescribed in the first act, the party convicted can be punished only to the extent prescribed in the second act. 3. When a statute contains a section prescribing a punishment for a violation of the section, and this section is repealed after a party has violated the section, but before sentence is imposed upon him, he cannot be punished for such violation, or stated in another form: 4. When the second act repealing the first act makes

no provision for punishment, the Court is without jurisdiction in the premises, and cannot impose sentence upon the party convicted. The question of jurisdiction raised by the appellant must be sustained. As the Court did not have jurisdiction of the case, it would not be proper for this Court to consider the other questions raised by the exceptions.

It is, therefore, the judgment of this Court, that the judgment of the Circuit Court be reversed, and the indictment quashed for want of jurisdiction.

MR. JUSTICE POPE concurs in result.