### 6742

### STATE v. WILLIAMS.

CONVICTION AFTER REPEAL OF STATUTE—DISPENSARY LAW.—General principles stated governing where one commits an offense under a statute which is repealed by a subsequent statute before conviction. Under Section 47 of Act 1907, regulating sale of liquor, any one violating the old dispensary law may be convicted and punished after its repeal.

Before GAGE, J., Anderson, September, 1906. Affirmed.

Indictment against Kate Williams for selling whiskey and maintaining a nuisance. From sentence and verdict of guilty, defendant appeals.

*Mr. A. G. Dagnall,* for appellant, cites: *A person should not be tried and convicted of a crime under a statute which has been repealed:* 26 Enc., 755; 12 Cyc., 144; 52 S. C., 469.

*Solicitor J. E. Boggs,* contra.

February 13, 1908. The opinion of the Court was delivered by

MR. JUSTICE GARY. The facts are thus set out in the record: "At the September term, 1906, of the Court of General Sessions for Anderson County, the defendant, Kate Williams, was indicted for violating the Dispensary Law (Sections 555 and 578, Criminal Code, 1902). The indictment contained three counts, viz.: 1. Selling whiskey. 2.

Keeping a place where alcoholic liquors were sold, bartered and given away. 3. Keeping a place where alcoholic liquors were kept for sale, barter and delivery. The offenses were alleged to have been committed on the 3d day of July, 1906.

"Upon the call of the case for trial, July 24, 1907, and before a jury was impaneled, the defendant's attorney demurred to each and every count contained in the indictment upon the grounds:

1. "That the indictment did not state facts sufficient to constitute an offense, for the reason that Sections 555 and 578 of the Criminal Code (1902), upon which the indictment was based, had been repealed by the Act of 1907 (25 Stat., 463), and that the defendant could not be tried upon an indictment alleging an offense committed prior to the approval of the Dispensary Act of 1907 (25 Stat., 463). 2. Because the Court of General Sessions did not have jurisdiction of the case, as the act under which defendant was indicted had been repealed before trial of defendant.

"A motion to quash the indictment was made upon the same grounds urged for the demurrer.

"The presiding Judge, G. W. Gage, overruled the demurrer and refused to quash the indictment, holding that the defendant could be tried and punished for an offense committed against a statute that had been repealed, provided the offense was committed while the statute was in force and before the repealing act took effect."

The defendant appealed, and the practical question presented by the exceptions is, whether Sections 555 and 578 of the Criminal Code were repealed by the Dispensary Act of 1907.

The general principles in cases where a person commits an offense under a statute which is repealed by a subsequent statute, before sentence is pronounced upon him, are thus stated in *State* v. *Mansel*, 52 S. C., 468, 30 S. E., 481:

1. "When the second act prescribes a greater punishment than the first act, the offending party may be punished under the first act.

2. "When the punishment in the second act is less than is prescribed in the first act, the party convicted can be punished only to the extent prescribed in the second act.

3. "When a statute contains a section prescribing a punishment for the violation of the section, and this section is repealed after a party has violated the section, but before sentence is imposed upon him, he can not be punished for such violation; or, stated in another form,

4. "When the second act repealing the first act makes no provision for punishment, the Court is without jurisdiction in the premises, and can not impose sentence upon the party convicted."

Provision, however, is made in the Act of 1907 for punishment when there was a violation of the previous statute.

Section 47 of that act is as follows. "The State Dispensary is hereby abolished, and all acts and parts of acts inconsistent with this act are hereby repealed: *Provided,* That this act shall not have the effect of preventing any violation of the present criminal law relating to the dispensary being punished, as now provided by law for offenses heretofore committed."

The case under consideration comes within the purview of said section.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.