## 9803

## STATE v. HEWITT.

### (95 S. E. 438.)

1. CRIMINAL LAW—EVIDENCE—GOOD CHARACTER.—In a prosecution for illegally delivering and transporting more than one gallon of intoxicating liquor to one person in one month, where the accused admitted that he delivered the liquor at night, and his evidence was in substantial accord with that of the State, the question of his good character was not in the case.

2. CRIMINAL LAW — APPEAL — HARMLESS ERROR. — Error, if any, in prosecution for illegal delivery of liquor, where accused admitted the delivery, in instructing on defendant's right to show good reputation that one's reputation might have been of the best, and yet he might succumb to temptation, was not prejudicial, since the question of good reputation was not properly in the case.

3. INTOXICATING LIQUORS — ILLEGAL DELIVERY—STATUTES—CONSTRUCTION.—Act February 24, 1917 (30 Stat. 69), prohibiting the delivery of more than one quart of liquor to one person in one month did not repeal act February 20, 1915 (29 Stat. 140), prohibiting the delivery of more than one gallon of liquor to one person in one month, but continued the offense defined by the earlier act.

4. INTOXICATING LIQUORS — ILLEGAL DELIVERY — SENTENCE. — Where accused wa scharged with a violation of act February 24, 1917 (30 Stat. 69), prohibiting the delivery of more than one quart of liquor to one person in one month, and of violating act February 20, 1915 (29 Stat. 140), prohibiting the delivery of more than one gallon of liquor in one month to one person, and he was sentenced under the earlier act, which was more favorable to him, he could not complain.

Before RICE, J., Aiken, Summer term, 1917.   Affirmed.

M. O. Hewitt was convicted of delivering and transporting liquor in violation of act February 20, 1915 (29 Stats. 140), and he appeals.

*Messrs. J. B. Salley* and *Shuler & Stansfield,* for appellant.   *Mr. Salley* cites: *As to charge upon facts:* 25 S. C. 177-8-9; Wharton's Criminal Evidence, sections 66, 67; 103 S. C. 280; 94 S. C. 305.   *As to motion in arrest of judgment:* Clark on Criminal Procedure 493; 8 R. C. L. 228; 12 Cyc. 758; 12 Cyc. 757; 52 S. C. 469.   *As to jurisdiction of Court to sentence prisoner:* 36 Cyc. 1227-1230-1231-1234;

28 S. C. 4; 79 S. C. 103; 2 McCord 490; 26 Encyc. 755 to 758; 36 Cyc. 1071 to 1079; 55 S. C. 596; 102 S. C. 498; 90 S. C. 255; 29 S. C. 485 to 490; 36 Cyc. 1097-9; 36 Encyc. 731-733-737-739; 29 S. C. 490; 30 S. C. 411; 90 S. C. 255; 36 Cyc. 1095 to 1098; 26 Encyc. 737-744; 2 McC. 490-493.

*Solicitor R. L. Gunter,* for State, respondent, cites: *As to charge upon facts:* 86 S. C. 49; 47 S. C. 523; 90 S. C. 397; 52 S. C. 460; 105 S. C. 261. *As to jurisdiction of Court to sentence prisoner:* Am. & Eng. Ency. (2d ed.), vol. 26, p. 734; 95 S. C. 403; 104 S. C. 346.

January 19, 1918.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

The defendant was convicted at Aiken, S. C., before Judge Rice, and a jury, on May 11, 1917, of delivering more than one gallon of liquor to one J. H. Hall on February 25, 1917, and of transporting liquor for delivery on February 4, 1917, he being the agent of the Southern Express Company at Montmorenci, in violation of the act of legislature of February 20, 1915 (29 Stat. 140). Before sentence defendant made a motion for arrest of judgment on the ground that the act of 1915 had been repealed by the act of February 24, 1917 (30 Stat. 69), and consequently that the Court had no jurisdiction to sentence him under the act. The motion was overruled, and the defendant sentenced by the Court. From this sentence the defendant appeals, and raised by his exceptions two grounds.

His first exception complains of error in the charge of the Judge to the jury in charging on the facts and intimating his opinion as to the weight of the evidence, and in citing cases and instances to illustrate his meaning. We do not think that a careful examination of the Judge's charge will sustain the contention of the appellant. The question of good character of defendant could not in this case have anything to do with defendant's guilt; for he

admitted the charge that he delivered the liquor at night, and his evidence was that substantially of the contention of the State as to the facts of the case. The question of his good character could not possibly have had any effect in the case in view of his testimony, and while his Honor was wrong in his charge in this particular, and wrong in referring to other men and other instances, it could not in this case be in any manner prejudicial to the defendant, and could not in any way have affected the jury in arriving at its finding. This exception is overruled.

The second exception raises two questions: (a) Does the act of 1917 repeal the act of 1915 in toto, or only those parts which are inconsistent with it? (b) If the act of 1915 is repealed by the act of 1917, can a person be convicted of an offense under the act of 1915 after the act of 1917 becomes effective? An examination of the two acts convinces us that the act of 1917 only repealed the act of 1915 or parts of it that are inconsistent with the act of 1917, and that both acts, as far as this indictment is concerned, are the same except as to the amount of whiskey that can be delivered or transported. Both acts make it unlawful to transport or deliver except under the conditions provided for in each act. The offense under both acts is the same. Under the act of 1915 the amount was limited to one gallon; under the act of 1917 the amount is limited to one quart. The act of the legislature does not abolish, but continues, the offense.

As to the second question, his Honor had the right to impose the sentence he did in any view of the case. Both the act of 1915 and the act of 1917 provide punishment for any one violating the act in the particulars set forth in the indictment in this case. The defendant being sentenced under the act more favorable to him, there is no question but that his Honor had jurisdiction to impose

the sentence he did. The rule in such cases is fully set out in the opinion of Mr. Justice Gary (now Chief Justice) in the case of *State v. Mansel,* 52 S. C. 469, 30 S. E. 481.

In this case the rule is fully stated where a person commits an offense under a statute which is repealed by subsequent statute before sentence is pronounced against him.

All exceptions are overruled.

Judgment affirmed.