10542

STATE v. WAGSTAFF *ET AL.*

(105 S. E. 283.)

ASSAULT AND BATTERY—OFFICERS FORCIBLY SEIZING GRIP WITHOUT WARRANT HELD GUILTY OF ASSAULT.—Evidence that police officer in the presence and with the apparent consent of the chief of police, snatched a grip away from prosecuting witness to search it for intoxicating liquors, though the officers had no search warrant and did not testify that they had reasonable cause to believe or did believe the grip contained liquor, is sufficient to take to the jury the issue of the guilt of both officer and chief of simple assault.

Before SHIPP, J., Florence, June term, 1920. Affirmed.

G. W. Wagstaff and A. C. Hargrove, indicted for simple assault, and, upon conviction, appeal.

*Messrs. G. F. Stalvey* and *Willcox & Willcox,* for appellants, cite : *Distinction between an assault and a trespass on personal property:* 31 S. C. L. (1 Strob.) 91. *Verdict should be directed where determination of issues can only be by speculation:* 72 S. C. 404.

*Mr. L. M. Gasque, Solicitor,* and *Whiting & Baker,* for respondent. *Mr. Gasque* cites : *Intent was for ·jury:* 38 S. C. 348. *Definition of assault:* 1 Hill 46; 32 S. C. 27. *One who incites an assault is guilty:* 1 Brev. 397. *Charge was proper as only one inference could be drawn from ` facts hypothetically stated:* 79 S. C. 187. *Counsel should have called attention to misleading language:* 64 S. C. 311. *Action of officers fittingly characterized:* 114 S. C. 265.

December 20, 1920.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

The defendants were convicted of simple assault and battery, and, after being sentenced, appeal, and by exceptions, three in number, complain of error in not directing a verdict of not guilty as asked for by the defendants and error in the Judge's charge.

The facts were that H. H. Graham, who lived at Lake City, got off of the train arriving from Florence and handed his hand satchel to a negro porter to carry it to the hotel where Graham lived. The defendant, Wagstaff, who was a policeman, stopped the negro after he had gone a short way with the grip in a small wagon in which he transported baggage, and told the porter that he intended to seize and search the grip for liquor. Graham came up, and a discussion between him and the policeman as to the right of the policeman to search without warrant followed. The policeman had no warrant and made no pretense that he had one. Both Graham and the policeman put their hands on the grip,

and Graham testified that the policeman snatched it away from him. This is controverted by the officer, who contends that Graham volnntarily surrendered possession of the grip. The grip was searched, and no liquor found. Hargrove, who was chief of police, was present the whole time, and, while he took no part actually in taking the grip, he conferred with Wagstaff, and never at any time ordered Wagstaff to desist. Wagstaff said he searched it "because I suspicioned it had 'liquor in it." "He had been reported as having liquor in there, and his satchel looked very heavy that time." Wagstaff does not attempt to show that his information was such as to create in his mind a reasonable belief that his information was such as to believe Graham a violator of the law. He had no warrant. He did not forbid Graham to move the grip until he could get one, as he had a right to do, but arbitrarily and unlawfully made the seizure and search, and found nothing.

"Any attempt to do violence to the person of another, in a rude, angry, and resentful manner, is an assault. * .* * Beating a horse on which one is, striking violently a stick which he holds in his hand, or the horse on which he rides, is an assault." *State v. Davis,* 1 Hill 46.

"One who incites others to commit an assault and battery is guilty * * * as principal." *State v. Lymburn,* 1 Brev. 397, 2 Am. Dec. 669.

There was ample evidence for submission to the jury, and his Honor committed no error in refusing to direct a verdict. Mr. Justice Hydrick, in *Willis v. Whittle,* 82 S. C. 502, 64 S. E. 410, cites cases therein, and that was a case of seizure of property under chattel mortgage, and uses this language:

"There is one restriction, however, which the law imposes upon" the right of seizure under chattel mortgage. "It must be exercised without provoking a breach of the peace; and if the mortgagee finds he cannot get possession of the

property without committing a breach of the peace, he must stay his hand, and resort to the law, for the preservation of the public peace is of more importance to society than the right of the owner of a chattel to get possession of it."

The exceptions to his Honor's charge are overruled as being without merit.

All exceptions are overruled, and judgment affirmed.

MESSRS. JUSTICES HYDRICK and FRASER concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE GAGE absent on account of sickness.