278 S.C. 506 (1983)
299 S.E.2d 334
In the Matter of Teresa Dell McGEE, A Minor under the Age of Seventeen Years, Appellant.
21845
Supreme Court of South Carolina.
January 5, 1983.
*507 Appellate Defender John L. Sweeny and Asst. Appellate Defender William Isaac Diggs, S.C. Com'n of Appellate Defense, Columbia, for appellant.
Att. Gen. Daniel R. McLeod and Asst. Atty. Gen. Harold M. Coombs, Jr., Columbia, for respondent.
Jan. 5, 1983.
Per Curiam:
Appellant, a fourteen-year-old girl, was adjudicated delinquent on a petition charging her with simple assault. She appeals, contending that the hearing judge erred in ruling that all the elements of simple assault were proven. We disagree and affirm.
A female employee of the Anderson Youth Treatment Center was standing four to six feet from appellant and appellant's juvenile accomplice when the accomplice raised a baseball bat and threatened to hit the employee if she did not "hush." Appellant then "dared" her accomplice to strike the employee. The employee feared harm from the juveniles, even though neither made any overt act other than to hold up the bat and make the verbal threats.
The crime of assault has long been defined as an unlawful attempt or offer to commit a violent injury upon the person of another, coupled with a present ability to complete the attempt or offer by a battery. State v. Sanders, 92 S.C. 427, 75 S.E. 702 (1912); State v. Izard, 48 S.C.L. (14 Rich.) 209 (1867); see also State v. Jones, 133 S.C. 167, 130 S.E. 747 *508 (1925). While words alone do not constitute an assault, State v. Lymburn, 3 S.C.L. (1 Brev.) 397 (1804), if by words and conduct a person intentionally creates a reasonable apprehension of bodily harm, it is an assault. State v. Sims, 34 S.C.L. (3 Strob.) 137 (1848); see generally LaFave and Scott, Criminal Law § 82 (1972). Thus, if a person "shook his hickory over his head, indicating an intention to strike, and within striking distance," and "if his action and conduct were such as to create the belief in the mind of the [victim] that he intended to... strike him, he would be guilty of an assault." Sims at 138; see also State v. Davis, 19 S.C.L. (1 Hill) 46 (1833).
Appellant concedes that if simple assault is proven against her accomplice, she is properly held accountable as a principal. State v. Wagstaff, 115 S.C. 198, 105 S.E. 283 (1920); State v. Chavis, S.C. 290 S.E. (2d) 412 (1982). Under the law and undisputed facts, we conclude that appellant and her accomplice committed a criminal assault.
Accordingly, the judgment of the lower court is affirmed.