508 S.E.2d 41

**The STATE, Respondent,**

v.

**Michael SUTTON, Appellant.**

No. 2895.

Court of Appeals of South Carolina.

Heard Oct. 6, 1998.

Decided Oct. 26, 1998.

Rehearing Denied Dec. 17, 1998.

Assistant Appellate Defender M. Anne Pearce, of S.C. Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott and Assistant Attorney General G. Robert DeLoach, III, of Office of the Attorney General, of Columbia; and Solicitor Dudley Saleeby, Jr., of Florence, for respondent.

GOOLSBY, Judge:

Michael Sutton appeals his convictions and sentences for assault and battery with intent to kill, attempted murder, and possession of a firearm during the commission of a violent crime. The dispositive question on appeal concerns whether, under the facts of this case, a prosecution will lie for both assault and battery with intent to kill and attempted murder. We affirm in part and vacate in part.

On December 22, 1994, Sutton shot Dennis Thomas three times in a Florence County nightclub. Thomas died over a year and a day later on January 22, 1996.

At trial, Sutton moved for a directed verdict. He argued assault and battery with intent to kill and attempted murder were the same offense and to convict him of both offenses in this case would be to convict him twice for the same criminal act. The trial court denied the motion. Following his conviction, the trial court sentenced Sutton to a twenty-year term for assault and battery with intent to kill, to a concurrent life

term for attempted murder, and to a consecutive five-year term for the possession of a firearm offense.

 We agree with Sutton. Where, as here, there is evidence the defendant unlawfully shot and wounded another person with malice aforethought, either express or implied, and the person did not die within a year and a day after the wounds were inflicted so that there is a conclusive presumption the wounds did not cause the death, the offense is not attempted murder but is assault and battery with intent to kill. In South Carolina, the offense of assault and battery with intent to kill embraces the whole of attempted murder under such circumstances. *See State v. Foust,* 325 S.C. 12, 15, 479 S.E.2d 50, 51 (1996) (quoting *State v. Jones,* 133 S.C. 167, 179–180, 130 S.E. 747, 751 (1925), as defining assault and battery with intent to kill as having "all the elements of murder except the actual death of the person assaulted" and requiring the intent to kill to be accompanied by malice); *State v. Hinson,* 253 S.C. 607, 611, 172 S.E.2d 548, 550 (1970) (defining assault and battery with intent to kill as "an unlawful act of violent nature to the person of another with malice aforethought, either express or implied"); S.C.Code Ann. § 16–3–10 (1985) (defining murder as "the killing of any person with malice aforethought, either express or implied"); *People v. Parrish,* 87 Cal.App.2d 853, 197 P.2d 804, 806 (Cal.Dist.Ct.App.1948) ("The essential elements required for proof of the crime of attempted murder are a(1) specific intent to commit the crime, and (2) a direct ineffectual act done toward its commission."); William S. McAninch & W. Gaston Fairey, *The Criminal Law of South Carolina* 354 (3d ed. 1996) (the elements of an attempt crime are a specific intent to commit a criminal offense and an act in furtherance of that intent that falls short of its ultimate execution); Jeffrey F. Ghent, Annotation, *Homicide As Affected by Lapse of Time Between Injury and Death,* 60 A.L.R.3d 1323, 1325 (1974) (the common law placed "an outer limit on the time that could elapse between the injury and death, the conclusive presumption being that the injury did not cause the death if the interval exceeded a year and a day"). Our state has long equated the offense of attempted murder with the offense of assault and battery with intent to kill, at least under the circumstances here. *See State v. Maner,* 20 S.C.L. (2 Hill)

453, 455 (1834) (because "an attempt to commit murder was always an offense at common law," an attempt to murder a slave was indictable as an assault and battery with intent to kill where a statute declared it a felony to kill a slave and the circumstances were such that the defendant would have been guilty of murder of the slave if the slave had died). Indeed, we cannot find any reported case in South Carolina of a conviction for attempted murder.

We therefore vacate Sutton's conviction and sentence for attempted murder. *See State v. Spencer*, 177 S.C. 346, 358, 181 S.E. 217, 222 (1935) (vacating a conviction because violation of a repealed statute is "no longer among the category of crimes under our law"); *cf. In re Terrence M.*, 317 S.C. 212, 452 S.E.2d 626 (Ct.App.1994) (holding a court is without jurisdiction to convict a defendant of a statutory offense when the underlying statute is no longer in effect) (citing *State v. Lewis*, 33 S.E. 351 (S.C.1899); *State v. Mansel*, 52 S.C. 468, 30 S.E. 481 (1898)). His other convictions and sentences stand.

**AFFIRMED IN PART AND VACATED IN PART.**

HUFF and HOWARD, JJ., concur.