532 S.E.2d 283

The STATE, Petitioner,

v.

Michael SUTTON, Respondent.

No. 25130.

Supreme Court of South Carolina.

Heard March 22, 2000.

Decided May 15, 2000.

Rehearing Denied June 6, 2000.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General G.

Robert DeLoach, III, all of Columbia; and Solicitor E.L. Clements, III, of Florence, for petitioner.

Assistant Appellate Defender M. Anne Pearce, of South Carolina Office of Appellate Defense, of Columbia, for respondent.

MOORE, Justice:

The Court of Appeals vacated respondent's attempted murder conviction and sentence. *State v. Sutton*, 333 S.C. 192, 508 S.E.2d 41 (Ct.App.1998). We granted the State a writ of certiorari to review the Court of Appeals' decision. We affirm as modified.

## FACTS

On December 22, 1994, respondent Michael Sutton shot Dennis Thomas three times at a Florence nightclub. Thomas died over a year and a day later on January 22, 1996.[1] Sutton was indicted for assault and battery with intent to kill (ABIK), attempted murder, and possession of a firearm during the commission of a violent crime. At trial, Sutton moved for a directed verdict on the ground that ABIK and attempted murder are the same offense. The trial judge denied Sutton's motion. The jury convicted Sutton on all charges and he was sentenced to twenty years for the ABIK; life for the attempted murder, to run concurrently, and five years for the possession of a firearm offense, to run consecutively.

## ISSUE

Did the Court of Appeals err in vacating Sutton's attempted murder conviction and sentence?

## DISCUSSION

The Court of Appeals held ABIK and attempted murder are the same offense and since ABIK embraces the whole offense

---

1. The common law rule is that if a victim dies over a year and a day later, he can not be charged with murder. William S. McAninch and W. Gaston Fairey, *The Criminal Law of South Carolina* 72 (3d ed.1996). We question the applicability of this rule with present day medical advances which could sustain a victim's life for an indefinite period. However, this is not an issue in this case.

of attempted murder, in essence, there was a double jeopardy violation.[2] The State contends this was error.

We have never been presented with the issue whether attempted murder is an offense in this state. We read the Court of Appeals' decision to hold that the offense of attempted murder does not exist. The Court of Appeals states that ABIK embraces the whole of attempted murder and then states the cases have always equated ABIK with attempted murder. We agree in result.

ABIK[3] is an unlawful act of violent nature to the person of another with malice aforethought, either express or implied. *State v. Foust,* 325 S.C. 12, 479 S.E.2d 50 (1996). The often cited language to describe ABIK is: if the victim had died from the injury, the defendant would have been guilty of murder. *See, e.g., State v. Atkins,* 293 S.C. 294, 360 S.E.2d 302, 305 (1987). Furthermore, a specific intent is not required to commit ABIK. *State v. Foust,* 325 S.C. 12, 479 S.E.2d 50, 51 (1996).[4]

---

2. Sutton appealed his convictions to the Court of Appeals solely on the ground they violated the double jeopardy clause. In his reply brief to the Court of Appeals, he argued that there is no offense of attempted murder. In reversing, the Court of Appeals stated the offense of ABIK embraces the whole offense of attempted murder. The Court of Appeals then cited several cases in which convictions were vacated because the underlying criminal statutes were no longer in effect (i.e. the courts did not have subject matter jurisdiction). The Court of Appeals clearly applied a double jeopardy analysis and yet then cited several subject matter jurisdiction cases as authority for vacating Sutton's attempted murder conviction. Sutton contends the State's argument is procedurally barred. The Court of Appeals combined the issue to include both subject matter jurisdiction and double jeopardy and now, in all fairness, one issue can not be separated from the other. Furthermore, we think the State adequately raised both the issues of double jeopardy and subject matter jurisdiction in its petition for rehearing.

3. We note ABIK is punishable by imprisonment not to exceed twenty years. S.C.Code Ann. § 16–3–620 (1985). A person who commits the common law offense of attempt, is punishable as for the principal offense. S.C.Code Ann. § 16–1–80 (Supp.1999). Thus, attempted murder may be punishable by a life sentence or imprisonment for thirty years. *See* S.C.Code Ann. § 16–3–20 (Supp.1999)(punishment for murder).

4. *Foust* was decided in December 1996, 9 months after Sutton's trial.

■ In general, "[a]ttempt is a specific intent crime." 21 Am.Jur.2d Criminal Law § 176 (1998). "The act constituting the attempt must be done with the intent to commit that particular crime." *Id. See also* Wharton's Criminal Law Attempt §§ 694–695 (1996)("To constitute an attempt, there must be an intent to commit a particular crime . . . Although a murder may be committed without an intent to kill, an attempt to commit murder requires a specific intent to kill.") [5] In the context of an "attempt" crime, specific intent means that the defendant consciously intended the completion of acts comprising the choate offense. In other words, the completion of such acts is the defendant's purpose. *United States v. Calloway,* 116 F.3d 1129 (6th Cir.1997). Attempted murder would require the specific intent to kill and conduct towards that end. ABIK requires an unlawful act of violence to the person of another with malice. Clearly, each offense has an element the other does not. However, simply because convictions for both offenses would not violate double jeopardy, we are not constrained to recognize the offense of attempted murder.

■ Under our current common law, we recognize ABIK and assault with intent to kill (AIK). Assault has been defined as an "attempted battery" or an unlawful attempt or offer to commit a violent injury upon another person, coupled with the present ability to complete the attempt or offer by a battery. *State v. Mims,* 286 S.C. 553, 335 S.E.2d 237 (1985). Under this definition of assault pointing a toy gun at someone or withholding insulin from a diabetic would not be an AIK. However, the Court has on at least two occasions defined an assault as placing another in apprehension of harm. In *State v. Sims,* 34 S.C.L. (3 Strob.) 137 (1848), the Court held if a defendant rode his horse so near the victim so as to cause the victim to believe he intended to ride upon or strike him, he would be guilty of an assault. More recently, in *In re McGee,* 278 S.C. 506, 299 S.E.2d 334, 334–335 (1983), we held "[w]hile words alone do not constitute an assault, *State v. Lymburn,* 3

---

5. A specific intent to kill may be, and normally is, inferred from the surrounding circumstances, such as the character of the attack, the use of a deadly weapon, and the nature and extent of the victim's injuries. *People v. Parker,* 311 Ill.App.3d 80, 243 Ill.Dec. 894, 724 N.E.2d 203 (1999).

S.C.L. (1 Brev.) 397 (1804), if by words and conduct a person intentionally creates a reasonable apprehension of bodily. harm, it is an assault. *State v. Sims*, 34 S.C.L. (3 Strob.) 137 (1848); *see generally* LaFave and Scott, Criminal Law § 82 (1972). Thus, if a person 'shook his hickory over his head, indicating an intention to strike, and within striking distance,' and 'if his action and conduct were such as to create the belief in the mind of the [victim] that he intended to . . . strike him, he would be guilty of an assault.' *Sims*, at 138; *see also State v. Davis*, 19 S.C.L. (1 Hill) 46 (1833)." [6]

■ This is consistent with the majority. of jurisdictions. All jurisdictions recognize the attempted battery type of assault. The intentional creation of apprehension of immediate bodily harm type of assault has been specifically adopted as a definition of criminal assault by most jurisdictions. LaFave and Scott, *Criminal Law* § 82 (1972). *See also, e.g., Ott v. State*, 11 Md.App. 259, 273 A.2d 630 (1971). Thus, pointing a toy gun at someone or withholding life-saving medication may be an AIK if the person is placed in fear of bodily harm even though the defendant does not have the ability to complete a battery and/or there is not an attempted battery.[7]

We decline to recognize a separate offense of attempted murder. We think with the clarifications of our definition of assault made in this decision, the offense of attempted murder is unnecessary.[8] Our common law offenses of ABIK and AIK

---

6. There is a good discussion of this subject in William S. McAninch and W. Gaston Fairey, *The Criminal Law of South Carolina* 186–187 (3d ed.1996).

7. The Model Penal Code § 211.1 states "[a] person is guilty of assault if he: (a) attempts to cause or purposely, knowingly or recklessly causes bodily injury to another; or (b) negligently causes bodily injury to another with a deadly weapon; or (c) attempts by physical menace to put another in fear of imminent serious bodily injury."

8. Furthermore, we note that had Thomas died within a year, Sutton could have been convicted at most of murder and received a life sentence. Because Sutton lived for over a year and a day after the shooting, Sutton was convicted of both attempted murder and ABIK and received a life sentence and 20 years; albeit in this case, the sentences were to run concurrently.

adequately cover the conduct which attempted murder would include.

**AFFIRMED AS MODIFIED.**

FINNEY, C.J., TOAL, WALLER, and BURNETT, JJ., concur.