**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-1918**

———————

STEVE RANDALL SMITH,

Plaintiff – Appellee,

v.

N. C. MURPHY; CHARLES GRANT; T. J. MURPHY; ALEX UNDERWOOD,

Defendants – Appellants,

and

JAMIE MITCHELL; RICHARD SMITH,

Defendants.

———————

**No. 14-2208**

———————

STEVE RANDALL SMITH,

Plaintiff – Appellant,

v.

N. C. MURPHY; CHARLES GRANT; T. J. MURPHY; ALEX UNDERWOOD,

Defendants - Appellees.

———————

Appeals from the United States District Court for the District
of South Carolina, at Rock Hill.  Joseph F. Anderson, Jr.,
Senior District Judge.  (0:11-cv-02395-JFA)

———————

Submitted:  September 30, 2015      Decided:  November 20, 2015

Before KING, WYNN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Andrew F. Lindemann, Robert D. Garfield, Steven R. Spreeuwers, DAVIDSON & LINDEMANN, P.A., Columbia, South Carolina, for Appellants/Cross-Appellees. J. Christopher Mills, J. CHRISTOPHER MILLS, LLC, Columbia, South Carolina, for Appellee/Cross-Appellant.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

These consolidated appeals are cross-appeals from the partial grant of summary judgment in favor of Torrey Murphy, Charles Grant, William Murphy, and Alex Underwood* (collectively, "Defendants"). In his complaint, Steve Randall Smith alleged that Defendants falsely arrested him and used excessive force against him, in violation of 42 U.S.C. § 1983 (2012). On appeal, Defendants contend that the district court erred in holding that they were not entitled to qualified immunity from Smith's excessive force claim. In his cross-appeal, Smith contends that the district court erroneously granted summary judgment against his false arrest claim because Defendants lacked probable cause to arrest him.

This court has jurisdiction over this interlocutory appeal pursuant to 28 U.S.C. § 1292(b) (2012). A district court may permit an appeal from an order that "involves a controlling question of law as to which there is substantial ground for difference of opinion" and from which immediate appeal "may advance the ultimate termination of the litigation." Id. This court "may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten

---

* Underwood is the Sheriff of Chester County, and was sued under South Carolina law in his official capacity.

3

days after the entry of the order." Id. In exercising its discretion, this court's jurisdiction "applies to the order certified to the court of appeals, and is not tied to the particular question formulated by the district court." Yamaha Motor Corp., U.S.A. v. Calhoun, 516 U.S. 199, 205 (1996).

In this case, at Smith's request, the district court certified its summary judgment order for immediate appeal under § 1292(b). This court granted Smith's timely request for permission to appeal. Therefore, in these consolidated cross-appeals, we have jurisdiction over "any issue fairly included within the certified order." Yamaha Motor Corp., 516 U.S. at 205.

Turning to the merits, we review the grant or denial of summary judgment de novo. Cloaninger ex rel. Estate of Cloaninger v. McDevitt, 555 F.3d 324, 330 (4th Cir. 2009). All facts and reasonable inferences are viewed "in the light most favorable to the non-moving party." Dulaney v. Packaging Corp. of Am., 673 F.3d 323, 330 (4th Cir. 2012). Summary judgment is only appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Conclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of [the non-moving party's] case."

4

Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) (internal quotation marks omitted).

First, we consider Defendants' claim that the district court should have granted summary judgment on Smith's excessive force claim because Defendants were entitled to qualified immunity. Initially, Defendants claim that no clearly established right prevented them from exercising force to take Smith to the ground, place him in handcuffs, or restrain him, where he actively resisted arrest.

Qualified immunity protects all government officials except those who violate a "statutory or constitutional right that was clearly established at the time of the challenged conduct." Carroll v. Carman, 135 S. Ct. 348, 350 (2014). Determining whether qualified immunity is appropriate is a two-step inquiry. Saucier v. Katz, 533 U.S. 194 (2001). First, courts consider "whether a constitutional right would have been violated on the facts alleged." Id. at 200. Second, courts ask whether that right was clearly established at the time of the alleged violation, such that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Id. at 202. Courts have the discretion to decide which of the steps to address first, based on the facts and circumstances of the case at hand. Pearson v. Callahan, 555 U.S. 223, 236 (2009).

5

A right is clearly established only if "a reasonable official would understand that what he is doing violates that right." Carroll, 135 S. Ct. at 350. (internal quotation marks omitted). While "a case directly on point" is not required, "existing precedent must have placed the statutory or constitutional question beyond debate." Ashcroft v. al-Kidd, 131 S. Ct. 2074, 2083 (2011).

Relevant to this case, "[t]he Fourth Amendment prohibition on unreasonable seizures bars police officers from using excessive force to seize a free citizen." Jones v. Buchanan, 325 F.3d 520, 527 (4th Cir. 2003). The question is whether a reasonable officer would have determined that the degree of force used was justified by the threat presented, an objective inquiry "'requir[ing] careful attention to the facts and circumstances in each particular case,'" including "'the severity of the crime at issue,' whether the 'suspect poses an immediate threat to the safety of the officers or others,' and whether the suspect 'is actively resisting arrest or attempting to evade arrest by flight.'" Id. at 527 (quoting Graham v. Connor, 490 U.S. 386, 396 (1989)).

In this case, the district court properly held that, viewing the facts in the light most favorable to Smith, an objectively reasonable officer could conclude that Defendants' conduct constituted excessive force. Regarding the first Graham

factor, Defendants had, at most, reason to suspect that Smith might be guilty of misdemeanor assault. See S.C. Code Ann. § 16-3-600(E)(1) (2014) (requiring only "attempt to injure another person"). The second Graham factor likewise weighs in favor of Smith, as Defendants had no reason to believe that Smith would react violently or incite a riot if confronted by officers. As for the third Graham factor, resistance from Smith could be characterized as instinctive, and we have twice concluded that such reactions do not constitute active resistance. See Smith v. Ray, 781 F.3d 95, 103 (4th Cir. 2015) (citing Rowland v. Perry, 41 F.3d 167, 174 (4th Cir. 1994)). Altogether, viewed in the light most favorable to Smith, the facts could support a finding of excessive force.

Even so, Defendants contend, the fact that Smith suffered only de minimis injuries absolves them from liability under the clearly established law at the time of the incident. Prior to Wilkins v. Gaddy, 559 U.S. 34 (2010), this court "consistently held that a plaintiff could not prevail on an excessive force claim [under the Eighth Amendment] absent the most extraordinary circumstances, if he had not suffered more than a de minimis injury." Hill v. Crum, 727 F.3d 312, 318 (4th Cir. 2013) (internal quotation marks omitted). The same rule applied to Fourteenth Amendment claims made by pretrial detainees. Orem v.

7

Rephann, 523 F.3d 442, 447-48 (4th Cir. 2008), abrogated by Wilkins, 559 U.S. 39.

For Fourth Amendment excessive force claims, however, the severity of injury resulting from the force used has always been but one "consideration in determining whether force was excessive." Jones, 325 F.3d at 530. "Faithful adherence to th[e] established fourth amendment standard of objective reasonableness when dealing with claims of excessive force during arrest will not make police officers subject to § 1983 liability . . . for every push and shove they make." Martin v. Gentile, 849 F.2d 863, 869 (4th Cir. 1988) (internal quotation marks omitted). Nor, however, does it absolve police officers of liability so long as their conduct, however unreasonable, only results in de minimis injuries. See Tennessee v. Garner, 471 U.S. 1, 8-9 (1985) (explaining that the question is "whether the totality of the circumstances justifie[s] a particular sort of search or seizure").

The cases cited by Defendants do not suggest otherwise. All but one of the cases involves either prisoners or pretrial detainees, therefore implicating either the Eighth or Fourteenth Amendment, rather than the Fourth Amendment. And Carter v. Morris, 164 F.3d 215, 219 n.3 (4th Cir. 1999), the free citizen case, does not demonstrate that the de minimis injury rule applies to Fourth Amendment claims; rather, it merely suggests,

8

in passing, that the plaintiff's claim failed because she offered "minimal evidence" to support it.  164 F.3d at 219 n.3. Finding no support for Defendants' contention that suffering only de minimis injuries bars one from asserting a Fourth Amendment excessive force claim, we conclude that the district court appropriately denied Defendants' motion for summary judgment as to this claim.

In his cross-appeal, Smith argues that the district court erroneously granted summary judgment on his federal and state false arrest claims.  To demonstrate false arrest under either federal or state law, a plaintiff must show that he was arrested without probable cause.  See Brown v. Gilmore, 278 F.3d 362, 367-68 (4th Cir. 2002); Law v. S. Carolina Dep't of Corr., 368 S.C. 424, 441 (2006).  "[F]or probable cause to exist, there need only be enough evidence to warrant the belief of a reasonable officer that an offense has been or is being committed; evidence sufficient to convict is not required." Durham v. Horner, 690 F.3d 183, 190 (4th Cir. 2012) (internal quotation marks and alteration omitted).  See also Law, 368 S.C. at 441 (defining probable cause as "as a good faith belief that a person is guilty of a crime when this belief rests on such grounds as would induce an ordinarily prudent and cautious man, under the circumstances, to believe likewise").

In South Carolina, one commits assault if he "unlawfully injures another person, or offers or attempts to injure another person with the present ability to do so." S.C. Code Ann. § 16-3-600(E)(1). "While words alone do not constitute an assault, if by words and conduct a person intentionally creates a reasonable apprehension of bodily harm, it is an assault." State v. Sutton, 532 S.E.2d 283, 285 (S.C. 2000). Even viewing the facts in the light most favorable to Smith, we find that the district court correctly held that Defendants had probable cause to arrest Smith for misdemeanor assault. Therefore, we conclude that the district court did not err in granting Defendants' motion for summary judgment on this claim.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and judgment would not aid the decisional process.

AFFIRMED