# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

United States of America, Plaintiff,

v.

Patrick Fitzgerald Clemons, Defendant.

Appellate Case No. 2022-001378

---

## ON CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

---

Opinion No. 28202
Heard October 25, 2023 – Filed May 1, 2024

---

## CERTIFIED QUESTIONS ANSWERED

---

United States Attorney Adair Ford Boroughs, Assistant United States Attorney Kathleen Michelle Stoughton, and Assistant United States Attorney Justin William Holloway, all of Columbia, for Plaintiff.

Elizabeth Franklin-Best, of Columbia, for Defendant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General W. Jeffrey Young, Deputy Attorney General Donald J. Zelenka, and Assistant Deputy Attorney General Mark Reynolds Farthing, all of Columbia, for Amicus Curiae State of South Carolina.

---

**JUSTICE HILL:**  Patrick Clemons pled guilty in federal district court to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).  At the time of his conviction, Clemons had two prior South Carolina convictions for Criminal Domestic Violence of a High and Aggravated Nature (CDVHAN), S.C. Code Ann. § 16-25-65, and one prior South Carolina conviction for Assault and Battery Second Degree (AB2d), S.C. Code Ann. § 16-3-600(D).  As a result of these prior convictions, Clemons was designated an armed career criminal under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), and subject to an enhanced, mandatory-minimum sentence of fifteen years' imprisonment.  After he was sentenced, Clemons appealed the imposition of his enhanced sentence under the ACCA to the United States Court of Appeals for the Fourth Circuit, arguing one may be convicted of both CDVHAN and AB2d in South Carolina by committing reckless or negligent conduct, and therefore, neither qualifies as a predicate offense for enhanced sentencing under the ACCA's "elements clause."  *See* 18 U.S.C. § 924(e)(2)(B)(i) (defining a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another"); *Borden v. United States*, 141 S. Ct. 1817, 1821–22 (2021) (plurality) (holding a crime that requires only a *mens rea* of recklessness cannot qualify as a "violent felony" as defined by the ACCA's elements clause).

Pursuant to Rule 244, SCACR, the Fourth Circuit has certified the following questions to this Court:

1. What mental state is required to commit South Carolina Assault and Battery Second Degree, in violation of S.C. Code § 16-3-600; and

2. What mental state is required to commit South Carolina Criminal Domestic Violence of a High and Aggravated Nature, in violation of S.C. Code § 16-25-65?

Before answering these questions, we note that, in both S.C. Code Ann. § 16-25-65 and S.C. Code Ann. § 16-3-600, the South Carolina Legislature has chosen to proscribe multiple types of criminal conduct.  In other words, instead of defining one way of committing the crime, these statutes provide several, disjunctive ways the elements of the offense may be met.  As such, there is not a one-size-fits-all *mens rea* required for a conviction under either S.C. Code Ann. § 16-25-65 or S.C. Code Ann. § 16-3-600(D).  Rather, the *mens rea* required for culpability under either S.C.

Code Ann. § 16-25-65 or S.C. Code Ann. § 16-3-600(D) depends upon the *actus rea* of the crime being prosecuted as CDVHAN or AB2d. *See United States v. Bailey*, 444 U.S. 394, 402 (1980) (explaining "[c]riminal liability is normally based upon the concurrence of two factors, 'an evil-meaning mind [and] an evil-doing hand'" (quoting *Morissette v. United States*, 342 U.S. 246, 251 (1952))).

Further, as the *Borden* plurality explained, federal courts use the "categorical approach" to determine whether an offense satisfies the elements clause of the ACCA. *Borden*, 141 S. Ct. at 1822; *Johnson v. United States*, 559 U.S. 133, 137, 144 (2010). Under the categorical approach, the facts underlying a conviction are immaterial to whether a conviction will be deemed a "violent felony" under the ACCA. *Borden*, 141 S. Ct. at 1822. Instead, "[i]f any—even the least culpable—of the acts criminalized" by the offense's statute do not meet the requirements of the elements clause of the ACCA, then that conviction cannot serve as an ACCA predicate. *Id.*

The *Borden* plurality explained that, under federal law, there are "four states of mind . . . that may give rise to criminal liability[; t]hose mental states are, in descending order of culpability: purpose, knowledge, recklessness, and negligence." *Id*. at 1823. After a thorough analysis into the legislative intent of the ACCA, specifically the elements clause, the *Borden* plurality held the term "against the person of another" within the elements clause requires "the perpetrator direct his action at, or target, another individual." *Id*. at 1825. The *Borden* plurality reasoned the elements clause of the ACCA excludes reckless conduct, which is not "aimed in that prescribed manner" and to hold otherwise would contravene the purpose of the ACCA, stating: "The treatment of reckless offenses as 'violent felonies' would impose large sentencing enhancements on individuals (for example, reckless drivers) far afield from the 'armed career criminals' ACCA addresses—the kind of offenders who, when armed, could well 'use [the] gun deliberately to harm a victim.'" *Id*. (quoting *Begay v. United States*, 553 U.S., 137 145 (2008)). The *Borden* plurality defined the *mens rea* of recklessness by stating: "[a] person acts recklessly, in the most common formulation, when he 'consciously disregards a substantial and unjustifiable risk' attached to his conduct, in 'gross deviation' from accepted standards." *Id*. at 1824 (quoting Model Penal Code § 2.02(2)(c)).

South Carolina has not wholescale adopted the federal hierarchy of mental states, nor does South Carolina verbatim employ the definitions of purpose, knowledge, recklessness, or negligence found in *Borden*. Nevertheless, for the purposes of

answering the Fourth Circuit's inquiry, we rephrase the two certified questions as follows:

1. May a defendant be convicted of the offense of South Carolina Assault and Battery Second Degree, in violation of S.C. Code Ann. § 16-3-600, with a *mens rea* of recklessness as defined by the Model Penal Code?

2. May a defendant be convicted of the offense of South Carolina Criminal Domestic Violence of a High and Aggravated Nature, in violation of S.C. Code Ann. § 16-25-65, with a *mens rea* of recklessness as defined by the Model Penal Code?

We hold the answer to both of these questions is "yes."

## I.   Assault and Battery in the Second Degree

South Carolina's general assault and battery crimes are codified by degrees in S.C. Code Ann. § 16-3-600 (2015 & Supp. 2023).  AB2d is found in § 16-3-600(D), which states, in relevant part:

> (D)(1) A person commits the offense of assault and battery in the second degree if the person unlawfully injures another person, or offers or attempts to injure another person with the present ability to do so, and:
>
> > (a) moderate bodily injury to another person results or moderate bodily injury to another person could have resulted; or
> >
> > (b) the act involves the nonconsensual touching of the private parts of a person, either under or above clothing.
>
> (2) A person who violates this subsection is guilty of a misdemeanor, and, upon conviction, must be fined not more than two thousand five hundred dollars, or imprisoned for not more than three years, or both.

AB2d was enacted as part of the Omnibus Crime Reduction and Sentencing Reform Act of 2010, which abolished or repealed all common law assault and battery offenses and all prior statutory assault and battery offenses and, in place of these

offenses, codified attempted murder in S.C. Code Ann. § 16-3-29 (2015), and four degrees of assault and battery, stratified by level of injury and other aggravating factors, in § 16-3-600. *State v. Middleton*, 407 S.C. 312, 315, 755 S.E.2d 432, 434 (2014).

In South Carolina, what *mens rea* is required for conviction of a statutory offense is a question of legislative intent. *State v. Ferguson*, 302 S.C. 269, 272, 395 S.E.2d 182, 183 (1990). When a criminal statute is silent as to the intent necessary for a conviction, we consider the common law and the development of the statute to decide whether the Legislature intended the crime to require criminal intent and, if so, what level of intent. *State v. Jefferies*, 316 S.C. 13, 19, 446 S.E.2d 427, 430–31 (1994). In criminal statutes where the Legislature has not precisely set forth the level of intent required for conviction, we have been reluctant to fix the level at a high setting, unless there is evidence that such a level accords with legislative intent. To do otherwise would upset the separation of powers, as it would carry the risk that we have narrowed the prosecutorial reach of a statute the Legislature designed to widely sweep. *See State v. Morris*, 376 S.C. 189, 201–02, 656 S.E.2d 359, 366 (2008) (holding Court would not "weaken" securities fraud statute by requiring proof of scienter rather than recklessness where there was no evidence legislature intended higher level of intent of scienter for conviction).

The Model Penal Code defines the mental state of recklessness in the following way:

> A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and purpose of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a law-abiding person would observe in the actor's situation.

Model Penal Code § 2.02(2)(c).

We find some of the criminal acts proscribed by § 16-3-600(D) may be committed with general criminal intent, including the mental state of recklessness as defined by

Model Penal Code § 2.02(2)(c). *See Ferguson*, 302 S.C. at 272, 395 S.E.2d at 183 ("In offenses at common law, and under statutes which do not disclose a contrary legislative purpose, to constitute a crime, the act must be accompanied by a criminal intent, or by such . . . indifference to duty or to consequences as is regarded by the law as equivalent to a criminal intent." (quoting *State v. Am. Agric. Chem. Co.*, 118 S.C. 333, 337, 110 S.E. 800 (1922)); 6A C.J.S. Assault § 86 (2023) ("Wanton and reckless conduct may substitute for the intentional conduct element necessary for a battery."). To be sure, the subsections of § 16-3-600(D) dealing with attempt may require specific intent. *See, e.g.*, *State v. Sutton*, 340 S.C. 393, 397, 532 S.E.2d 283, 285 (2000) ("In the context of an 'attempt' crime, specific intent means that the defendant consciously intended the completion of acts comprising the choate offense. In other words, the completion of such acts is the defendant's purpose."); *see also State v. King*, 422 S.C. 47, 55–56, 810 S.E.2d 18, 22 (2017) (reaffirming *Sutton'*s definition of "specific intent" for an attempted crime).

Today, we hold only that, under some circumstances, a person may be convicted of AB2d with a *mens rea* of recklessness.

## II.  <u>Criminal Domestic Violence of a High and Aggravated Nature</u>

CDVHAN is codified in S.C. Code Ann § 16-25-65 (2015 & Supp. 2023), and states,

in relevant part:

> (A) A person who violates Section 16-25-20(A) is guilty of the offense of domestic violence of a high and aggravated nature when one of the following occurs. The person:
>
> (1) commits the offense under circumstances manifesting extreme indifference to the value of human life and great bodily injury to the victim results;
>
> (2) commits the offense, with or without an accompanying battery and under circumstances manifesting extreme indifference to the value of human life, and would reasonably cause a person

to fear imminent great bodily injury or death; or

> (3) violates a protection order and, in the process of
> violating the order, commits domestic violence in
> the first degree.

South Carolina's current version of CDVHAN, along with its general criminal domestic violence statute, S.C. Code Ann § 16-25-20 (2015 & Supp. 2023), was enacted in 2015 as part of the Domestic Violence Reform Act. To be guilty of any degree of domestic violence under either S.C. Code Ann § 16-25-65 or S.C. Code Ann § 16-25-20, the perpetrator must satisfy the elements of S.C. Code Ann § 16-25-20(A). Section 16-25-20(A) of the South Carolina Code states:

> It is unlawful to:
>
> > (1) cause physical harm or injury to a person's own
> > household member; or
> >
> > (2) offer or attempt to cause physical harm or injury to
> > a person's own household member with apparent
> > present ability under circumstances reasonably
> > creating fear of imminent peril.

As in AB2d, in S.C. Code Ann § 16-25-20(A), the Legislature has chosen to criminalize battery and attempted battery. Likewise, we therefore hold some of the criminal acts proscribed in CDVHAN may be committed with general criminal intent, including a mental state of recklessness as defined by Model Penal Code § 2.02(2)(c). It is also possible the sections dealing with attempt may require specific intent.

Today, we hold only that, under some circumstances, a person may be convicted of CDVHAN with a *mens rea* of recklessness.

### III.   Conclusion

In South Carolina, it is possible for a defendant to be found guilty of both AB2d and CDVHAN with a *mens rea* of recklessness as defined by the Model Penal Code. The Fourth Circuit's certified questions are

**ANSWERED.**

**BEATTY, C.J., KITTREDGE, FEW and JAMES, JJ., concur.**