### STATE v. GLOVER.

1. Where a person with intent to kill administers to a little child a drug which she believes to be poisonous and of sufficient quantity to destroy life, the offence of assault and battery with intent to kill is complete, even though the dose was in fact insufficient for the purpose intended.
2. The charge to the jury in this case did not violate the constitutional provision prohibiting judges from charging on the facts.
3. The statute (*Gen. Stat.*, § 2466) providing a punishment for administering "poison or other destructive thing with intent to kill" did not supersede the common law offence of assault and battery with intent to kill.
4. This court cannot consider exceptions to the judgment below in a law case, based upon a verdict alleged to be unsupported by evidence.

Before ALDRCH, J., Abbeville, June, 1887.

The judge in this case was requested to make the charges, which, upon his refusal, are assigned as error in the first three exceptions. His general charge was as follows:

The first question that you will consider when you go into the room is: Did the defendant, this little girl, give that child Blanche, the daughter of Mrs. Clinkscales, that assafœtida? If you determine that in the affirmative, your next question will be, with what intent did she administer the drug? I do not know, and there is no proof before you, whether assafœtida is a poison or not. You will have to call to your assistance your experience whether a child of that tender age—what effect would an over-dose of assafœtida, or whiskey, or any other alcoholic spirits, where it is mixed with any other vegetable matter, have on a child of seventeen months old? You all know what effect an over-dose of whiskey would have on a child seventeen months old,

and you are to judge what effect a dose of assafœtida would have on a child seventeen months old.

There is another question, and that is, what was her purpose? And in considering that you will consider this question: What did the defendant mean by concealing the apron? Was it a consciousness on her part that she had done a wrong act, and did she intend to conceal that act from the parents of the child because she had a conviction on her mind that she had violated the law? Now, there is a very familiar case on the books where a boy killed another and the judge decided that the fact of his running away was evidence that he knew that he had done a wrong act. That was the principle that the decision was made upon. If a party violates the law and then tries to conceal it, as to conceal a part of the clothing, or by running away, then that is evidence of the guilt of the person so doing. Now, if she thought that medicine would kill, if she heard Mrs. Clinkscales tell the boy, "Now, mind, one drop of this medicine will kill;" you will take that fact and consider it. Your verdict will be guilty or not guilty. If you have a reasonable doubt, give the prisoner the benefit of it and acquit her.

Other matters are stated in the opinion of this court.

*Mr. E. B. Gary,* for appellant.

*Mr. Orr,* solicitor, contra.

January 5, 1888. The opinion of the court was delivered by

MR. JUSTICE McIVER. The indictment under which this defendant was convicted contained two counts, one charging that the defendant, "in and upon Blanche Clinkscales, an infant, then and there being, did make an assault, and her, the said Blanche Clinkscales, did force to drink a certain deleterious and injurious drug. to wit, tincture of assafœtida, thereby producing great and dangerous sickness of the said Blanche Clinkscales, with intent, her, the said Blanche Clinkscales, then and there feloniously, wilfully, and of her malice aforethought to kill and murder, contrary to the form of the statute," &c.; and the other, charging an assault of a high and aggravated nature, the aggravation

alleged being the administering and forcing her to drink "a certain dangerous and deleterious drug, to wit, tincture of assafœtida." The jury having rendered a general verdict of guilty, the defendant was sentenced to imprisonment in the penitentiary for the term of two years, and thereupon she appealed upon the following grounds :

Because the Circuit Judge refused to charge as follows: "1. That even if the prisoner administered tincture of assafœtida to the child, she cannot be convicted unless she administered it in such large quantities as to endanger her life, or to do her great bodily harm. 2. That unless the jury find that assafœtida was administered in such quantity as to endanger life or do great bodily harm, the offence would only amount to a simple assault and battery, and this court not having jurisdiction of simple assault and battery, the jury must acquit. 3. That if the jury find from the testimony that the prisoner, at the time of the alleged offence, was under fourteen years of age, then it is incumbent upon the State to prove that the prisoner was *capax doli* at the time of the alleged offence.

"4. Because his honor charged the jury that they were to judge what effect a dose of assafœtida would have on a child seventeen months old.

"5. Because his honor charged the jury, 'what was her purpose ? And in considering that you will consider this question, what did the defendant mean by concealing the apron ?'

"6. Because his honor charged the jury, 'Now, if she thought that that medicine would kill—if she heard Mrs. Clinkscales tell the boy, now, mind, one drop of this medicine will kill—you will take that fact and consider it.'

"7. Because his honor did not charge the jury as to the difference between assault and battery of a high and aggravated nature and simple assault and battery, and the jury, under his honor's charge, were not allowed to consider at all whether or not the alleged offence amounted only to a simple assault and battery.

"8. Because his honor refused to grant the motion in arrest of judgment, (1) when it appeared on the face of the indictment that no offence was alleged for which the prisoner could be indicted. (2) When there was no testimony whatever that an

assault and battery was committed by the prisoner upon Blanche Clinkscales. (3) When there was no testimony that assafœtida was a deleterious or hurtful drug, and no testimony that an assault and battery of a high and aggravated nature was committed. (4) When it appeared from the testimony that the Court of General Sessions did not have jurisdiction of the offence charged. (5) When there was no testimony whatever that an assault and battery was committed in *administering* the assafœtida, and the jury could not, where the prisoner was indicted for assault and battery, consider the properties of the drug, or its effect when *administered*, though they might have done so if the prisoner had been indicted for *poisoning*. (6) When it appears that the statute against poisoning or administering any *other destructive drug*, with intent to kill, is exclusive and prevents a person from being indicted for *assault and battery*, who administers a *destructive drug* with intent to kill."

The first and second grounds of appeal, together with the fourth subdivision of the motion in arrest of judgment, seem to rest upon the assumption that unless the drug was administered in such a large quantity as to endanger life, or cause great bodily harm, the offence could not amount to more than a simple assault and battery. For this assumption we do not think there is any valid foundation. There being two counts in the indictment, and the verdict being a general verdict of guilty, it must be understood to find the highest offence charged, as there was testimony to support it. *State* v. *Nelson*, 14 *Rich.*, 169; *State* v. *Scott*, 15 *S. C.*, 434. We must therefore regard this as a conviction under the first count, charging an assault and battery with intent to kill. In such a case the gist of the offence is in the intent, though there must be also some act in the direction of such intent. The agency used to effect the intent may or may not be sufficient for the purpose. If it is sufficient, and yet by reason of some accident or some extraneous cause the agency employed fails to effect the purpose intended, the offence is complete. For example, if one fires a pistol at another, within shooting distance, with intent to kill, the fact that the ball has failed to take effect from some defect in loading the weapon, or from some sudden and unexpected movement of the person fired at, or from any

other cause, the offence is complete, because here is the intent, accompanied by an act done for the purpose of effecting such intent, and the fact that the act done has fallen short of effecting the purpose intended, cannot affect the question. So if a person snaps a loaded gun at his adversary, within shooting distance, with intent to kill, the fact that the gun fails to go off, owing to the condition of the weapon, or some defect in its loading, unknown to the party accused, will not relieve him from the charge of assault with intent to kill; for here, again, the intent is accompanied by an act calculated and designed to effect the purpose intended. These views will be found supported by authority. 1 *Bish. Crim. Law*, ch. LI.

It seems to us, therefore, that there was no error in refusing the requests which are made the basis of the first and second grounds of appeal; and that the fourth subdivision of the ground for a motion in arrest of judgment, cannot be sustained. On the contrary, we are of opinion that the Circuit Judge correctly instructed the jury that the first question for them to determine was whether the defendant administered the drug to the child, and if so, the next question was whether she did so with intent to kill the child. There being testimony to the effect that the defendant had heard that the drug was poisonous, and that a very small portion of it—one drop—would kill, it was wholly immaterial to inquire whether the drug was in fact poisonous, or what quantity would be sufficient to endanger life or cause grievous bodily harm. If the defendant administered the drug with intent to kill, after having heard that it would have that effect, all the elements of the offence charged were present. There was the intent to kill, accompanied by an act which she believed was calculated to effect her intent, and the fact that the act done by her fell short of effecting her intent cannot affect the question.

The third ground is without any testimony whatever to support it. All the testimony taken at the trial is incorporated in the "Case," and there is nothing in it to indicate that the prisoner was under the age of fourteen years; indeed, there is nothing whatever as to her age. It is quite clear, therefore, that there was no error in refusing the request referred to in this ground.

The fourth, fifth, and sixth grounds of appeal seem to impute error to the Circuit Judge in charging upon the facts, in violation of the provisions of the constitution upon the subject. The entire charge of the Circuit Judge seems to be set out in the "Case," and a careful examination of it fails to show that he in anyway intimated any opinion on the facts to the jury; but, on the contrary, he seems to have left the questions of fact entirely to the jury. The expressions relied upon in these grounds are simply repetitions of the uncontradicted testimony of the witnesses, pointing out the inquiries which such testimony would naturally give rise to.

The seventh ground of appeal might be disposed of by the remark that there was no request that the jury might be instructed as to the difference between simple assault and battery and assault and battery of a high and aggravated nature; but we may also add that we do not see anything whatever in the testimony calling for any such instruction.

It only remains for us to consider such of the subdivisions of the eighth ground as have not before been disposed of. As to the first, it is difficult to conceive of any ground upon which it rests, and none has been suggested in the argument. We infer, however, that this subdivision, as well as the sixth, was designed to make the point that inasmuch as the statute (*Gen. Stat.*, § 2466) prescribes a specific punishment for administering poison or other destructive thing to any person with intent to kill, and inasmuch as the indictment in this case cannot be sustained under that statute, there is no offence charged in the indictment, because there cannot now be any such offence as assault and battery with intent to kill at common law, where the agency employed to effect such intent is such as that mentioned in this indictment. The language of the statute is as follows : "Whoever shall unlawfully and maliciously administer to, or cause to be taken by any person, any poison or other destructive thing, with intent to kill such person * * * shall be guilty of felony," &c. Now, it will be observed that there are at least two marked distinctions between the offence denounced by the statute and that known to the common law. Under the statute there need not be any physical force exerted, or any show or offer of such force;

while at common law there must be either the one or the other, either an assault and battery or an assault. Second, to constitute the offence under the statute the thing administered, or caused to be taken, must be either "poison" or some "other destructive thing;" while, at common law, as we have seen, where the intent to kill is found, the means employed to effect such intent need not necessarily be capable of effecting the result intended, but it will be sufficient to constitute the offence, if the agency employed is believed to be sufficient, and is used for the purpose of effecting the intent to kill. It does not seem to us, therefore, that the statute has superseded the common law offence charged in this indictment.

The second, third, and fifth subdivisions of the eighth ground of appeal, based as they are upon the alleged absence of testimony, certainly constitute no ground for a motion in arrest of judgment. But even regarding them, as they were doubtless intended, as grounds for a motion for a new trial, it is well settled that they cannot be sustained by this court, *State* v. *Cardoza*, 11 *S. C.*, 195. As is said in that case: "The proper place to examine questions of that nature is at the Circuit, and the decision of the Circuit Court, so long as no error of law is committed by it, is final and conclusive." In the case now under consideration there seems to have been a motion for a new trial submitted to the Circuit Court, which was refused. It may be that no witness *saw* any such actual force exerted by the defendant sufficient to amount to an assault and battery, but if the jury believed that the defendant administered tincture of assafœtida to this little child, as their verdict conclusively shows, their common sense would force them to the conclusion that some physical force must have been exerted to compel so small a child to drink such a nauseous drug.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.