## 10003

### STATE v. READY.

#### (96 S. E. 287.)

1. CRIMINAL LAW—JUDICIAL NOTICE—MATTER OF COMMON KNOWLEDGE— PROPERTIES OF CONCENTRATED LYE.—It is matter of common knowledge that, when taken internally, concentrated lye is a dangerous and destructive agency, causing injury and even death, if of sufficient quantity and strength.

2. HOMICIDE—ATTEMPT TO POISON—EVIDENCE.—Relative to offense under Cr. Code 1912, sec. 149, of attempting to administer poison or destructive thing intending to kill, evidence of color and effect of water of well *held prima facie* proof it was sufficiently strong from concentrated lye to be poisonous or injurious to health.

3. HOMICIDE — ATTEMPT TO POISON — INTENT. — Intent manifested in attempt being the gravamen of the offense, under Cr. Code 1912, sec. 149, of attempt to administer poison, intending to kill, it is immaterial that enough concentrated lye was not put in a well to cause death or serious sickness from the water.

4. CRIMINAL LAW—REQUESTED INSTRUCTION—CONFORMITY TO EVIDENCE. —Instruction stating, "The State relies on circumstantial evidence," and "the charge is not supported by direct evidence," is properly refused; there being some direct evidence supporting the charge.

5. CRIMINAL LAW—INSTRUCTIONS—REQUESTS COVERED BY CHARGE.—The principles in defendant's requested instructions having been covered by the general charge, refusal of request, was not prejudicial.

Before SEASE, J., Aiken, Fall term, 1917. Affirmed.

Gloster Ready was convicted of attempting to poison, and appeals.

*Mr. John F. Williams,* for appellant, cites: *As to there being no sufficient proof of the corpus delicti:* 4 Strob. 266-272; 7 Rich. 327; 103 S. C. 438; 85 S. C. 265.

*Mr. Solicitor Gunter,* for State-respondent, cites: *As to proof of corpus delicti:* Crim. Code, sec. 149; Bishop's New Criminal Law, vol. I, sections 753-756; 27 S. C. 606; Bishop's New Criminal Law, vol. I, sections 734-735; 72 S. C. 104; 86 S. C. 17; Encyc. of Evidence, vol. VIII, p. 890;

Greenleaf on Ev. (Redfield Ed.), vol. I, sec. 6a; 85 S. C. 512. *As to Judge's charge:* 26 S. C. 198; 27 S. C. 602; 33 S. C. 157; 82 S. C. 162; 33 S. C. 83; 33 S. C. 117; 43 S. C. 152; 86 S. C. 143; 56 S. C. 524.

June 27, 1918.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Appellant was convicted, under section 149 of the Criminal Court, of attempting to poison J. C. Holman and his family by putting concentrated lye in their well.

There was evidence, direct and circumstantial, tending to prove that defendant put concentrated lye in the prosecutor's well. Appellant contends, however, that there was no evidence that concentrated lye is a "poison" or "other destructive thing," the attempted administration of which is denounced by the statute, and that whether it is or not, and whether it was present in sufficient quantity to have had such effect, could have been legally proved only by a chemical analysis of the water and expert testimony on the subject, of which there was none. In this, we do not agree with appellant, because it is a matter of common knowledge that, when taken internally, concentrated lye is a dangerous and destructive agent, and that, if taken sufficiently strong and in sufficient quantity, it causes injury to health and even death. No doubt it may be so diluted as to be practically harmless. But there was testimony that there was enough of it in the water to color it, and make it feel slick and froth like soapsuds, and that it was strong enough to burn the skin. Clearly that was enough to make it appear, at least *prima facie,* that there was enough of it in the water to make it poisonous, or injurious to health; and, if there was, it is of no consequence that there may not have been enough to cause death or serious sickness, since the grava-

men of the offense is the felonious intent manifested in an attempt to poison.

In *State v. Glover,* 27 S. C. 602, 4 S. E. 564, defendant was convicted of an attempt to poison a child by the administration of the tincture of asafœtida. There was no evidence that the drug was a poison, but there was evidence that the defendant had been told that it was. The trial Court refused to instruct the jury that defendant could not be convicted, unless she administered the drug in such quantity as to endanger the child's life or do her great bodily harm, and also refused to grant a new trial on the ground that there was no evidence that the drug was a poison or injurious to health. In disposing of these rulings, this Court said:

"There being testimony to the effect that the defendant had heard that the drug was poisonous, and that a very small portion of it, one drop, would kill, it was wholly immaterial to inquire whether the drug was in.fact poisonous, or what quantity would be sufficient to endanger life or cause grievous bodily harm. If the defendant administered the drug with intent to kill, after having heard that it would have that effect, all the elements of the offense charged were present. There was the intent to kill, accompanied by an act which he believed was calculated to effect her intent, and the fact that the act done by her fell short of effecting her intent cannot affect the question."

It follows that there was no error in the refusal of defendant's motion to direct a verdict, or to grant a new trial for insufficiency of evidence.

The Court properly refused to give an instruction containing these statements, "The State relies upon circumstantial evidence," and, "In this case the charge is not supported by direct evidence," because the State did not rely entirely upon circumstantial evidence, and there was some direct evidence supporting the charge. But the Court did give the instruction with the proper modification,

eliminating the objectionable statements, and, besides, the Court had already charged substantially the same principles of law. For the same reason, defendant was not prejudiced by the refusal of the other requests preferred, because the principles contained in them had already been given in the general charge, and the Court assigned that as the reason for refusing them.

Judgment affirmed.