479 S.E.2d 50

The STATE, Respondent,

v.

Brad Christopher FOUST, Appellant.

No. 24534.

Supreme Court of South Carolina.

Heard Oct. 3, 1996.

Decided Dec. 2, 1996.

Robert M. Pachak of South Carolina Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Caroline Callison Tiffin, Columbia, and Solicitor Dudley Saleeby, Jr., Florence, for respondent.

WALLER, Justice:

Appellant, Brad Christopher Foust, (Foust) was convicted of first degree burglary, assault and battery with intent to kill (ABIK), and possession of a knife during commission of a violent crime. He was respectively sentenced to thirty years, twenty years, and five years, to be served consecutively. The sole issue on appeal is whether the trial court erred in refusing to charge the jury it must find a "specific intent to kill" before Foust could be convicted of ABIK.

## FACTS

On December 13, 1993, Jerri Hatchell (Victim) was stabbed in the chest by Foust when she returned home from work and discovered him burglarizing her home. At trial, the State introduced a letter written by Foust in which he claimed he never intended to hurt Victim.

In charging the jury, the trial court defined ABIK as follows: What is Assault and Battery with Intent to Kill? Assault and Battery with Intent to Kill is the infliction of

14

injury upon a human being with malice aforethought. There must be malice, or there can be no intent to kill....[1]

After the charge, Foust requested the Court instruct the jury on the "specific intent to kill" required to prove ABIK. The request was denied and the jury found Foust guilty of ABIK. Under the facts of this case, we find the charge given sufficient and, accordingly, affirm Foust's convictions.

## DISCUSSION

■ South Carolina caselaw on the requisite intent to commit ABIK is ambiguous. *See* McAninch and Fairey, *The Criminal Law of South Carolina*, 194–197 (3rd Ed.1996). The ambiguity arises from the fact that ABIK has been defined as the unlawful act of a violent nature to the person of another with malice aforethought, either express or implied. *State v. Hinson*, 253 S.C. 607, 172 S.E.2d 548 (1970). Courts of this state have traditionally compared ABIK to murder, instructing the jury that "if the offense would have been murder had the victim died as a result of the assault and battery, then the appropriate offense is ABIK rather than ABHAN." *State v. Scott*, 269 S.C. 438, 450, 237 S.E.2d 886 (1977). As this Court has recognized that a specific intent is not required to commit murder,[2] the logical inference is that, likewise, a specific intent

1. The jury was also charged the law concerning Assault and Battery of a High and Aggravated Nature (ABHAN). The ABHAN charge given equated the crime with voluntary manslaughter, i.e., committed in a sudden heat of passion upon a sufficient legal provocation. This Court has granted certiorari in *State v. Pilgrim*, 320 S.C. 409, 465 S.E.2d 108 (Ct.App.1995), to review a similar charge. No issue is raised concerning the ABHAN charge in the present case.

2. This Court has upheld murder convictions in numerous cases notwithstanding the lack of a specific intent to commit murder. *See e.g., State v. Johnson*, 291 S.C. 127, 128, 352 S.E.2d 480, 481 (1987) (wrongful intent to injure another may give rise to finding of malice to support verdict of murder); *State v. Mouzon*, 231 S.C. 655, 662, 99 S.E.2d 672, 675 (1957) (malice as an essential ingredient of murder does not necessarily import ill-will toward the individual injured, but signifies a general malignant recklessness of the lives and safety of others); *State v. Alexander*, 30 S.C. 74, 8 S.E. 440 (1889) (defendant intended to **assault** victim which resulted in death; murder properly submitted to jury); *State v. Leonard*, 292 S.C. 133, 355 S.E.2d 270 (1987) (accomplices liable for natural and probable consequences of acts).

is not required to commit ABIK. A review of the cases addressing this issue supports this result.

The seminal case in this State on this issue is *State v. Jones*, 133 S.C. 167, 179–180, 130 S.E. 747, 751 (1925), in which we stated:

> assault and battery with intent to kill contains all the elements of murder except the actual death of the person assaulted; so that before the accused can be convicted of this charge, the jury must be satisfied beyond a reasonable doubt ... that if the party assaulted had died as a result of the injury, the defendant would have been guilty of murder,.... It is apparent that **there must be, not simply the intent to kill, for that may be present in a case of manslaughter, but the intent to kill accompanied with malice,** the distinguishing element between murder and manslaughter.

(emphasis supplied).

A number of cases since *Jones* have reiterated that ABIK requires both an intent to kill **and** malice. *State v. Pilgrim*, *supra*; *State v. Scott*, 269 S.C. 438, 237 S.E.2d 886 (1977); *State v. Hilton*, 284 S.C. 245, 325 S.E.2d 575 (Ct.App.1985); *State v. Self*, 225 S.C. 267, 82 S.E.2d 63 (1954). In *Self*, we noted, "the gist of the offense is intent, though there must be some action in the direction of such an intent ..."

█ Although the cases indicate that **some** intent must be demonstrated before an accused may be convicted of ABIK, we do not believe they stand for the proposition that a **specific** intent to kill must be shown.[3] We hold that it is sufficient if there is shown some general intent, such as that heretofore applied in cases of murder in this State. *Accord* Anderson, *Wharton's Criminal Law and Procedure*, § 360 at p. 718–719 (12th Ed.1957) (recognizing proof of a **specific** intent to take life is not necessarily required, so long as there is intent to commit grievous bodily injury such that, had death occurred, the offense would have been murder). Accordingly, we hold

---

3. To the extent the cases may be read as requiring a **specific** intent to kill, they are overruled.

that, in charging juries the law of ABIK, South Carolina trial judges should give a standard "intent" charge,[4] but need not advise the jury that the defendant must have a **specific** intent to kill before he may be convicted of ABIK.

Here, Foust sought only a specific intent to kill charge. As that is not the law of this State, the charge was properly refused. *State v. Robinson*, 306 S.C. 399, 412 S.E.2d 411 (1991); *State v. Peer*, 320 S.C. 546, 466 S.E.2d 375 (Ct.App. 1996) (trial judge must charge jury current and correct law of this State). Moreover, the charge given in this case instructed the jury that it could not find the requisite intent without a finding of malice. We find the charge given was substantially correct. *State v. Hoffman*, 312 S.C. 386, 440 S.E.2d 869 (1994) (charge which is substantially correct and covers the law does not require reversal). *Cf. State v. Jefferies*, 316 S.C. 13, 446 S.E.2d 427 (1994) (erroneous charge harmless where it does not contribute to the verdict).

The judgment below is

**AFFIRMED.**

FINNEY, C.J., and TOAL, MOORE and BURNETT, JJ., concur.

---

4. Such intent may be shown by acts and conduct from which a jury may naturally and reasonably infer intent. *See State v. Lyons*, 102 N.C.App. 174, 401 S.E.2d 776, (1991); *Colbert v. State*, 84 Ga.App. 632, 66 S.E.2d 836 (1951). *See also* 41 C.J.S. *Homicide* § 195 (intent may be shown by acts and conduct of accused and other circumstances from which the jury may naturally and reasonably infer intent; evidence of the character of the means or instrument used, manner in which it was used, purpose to be accomplished, resulting wounds or injuries, etc., are admissible to show the intent with which the assault was committed); 41 C.J.S. *Homicide* § 179 (intent to kill may be inferred from the character of the assault, the use of a deadly weapon with an opportunity to deliberate, or the use of a dangerous or deadly weapon in a manner reasonably calculated to cause death or great bodily harm; intent may be inferred when it is demonstrated that the accused voluntarily and willfully commits an act, the natural tendency of which is to destroy another's life).