THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 James Anthony Tucker, Appellant.
 
 
 

Appeal From Anderson County
 J. Cordell Maddox, Jr., Circuit Court
Judge

Unpublished Opinion No.  2011-UP-537
 Submitted November 1, 2011  Filed
December 5, 2011

AFFIRMED

 
 
 
 Appellate Defender Elizabeth Franklin-Best,
 of Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, and Assistant Attorney General Deborah R.J. Shupe, all of Columbia;
 and Solicitor Christina T. Adams, of Anderson, for Respondent.
 
 
 

PER CURIAM:  James Anthony Tucker appeals his
 convictions for assault and battery with intent to kill (ABWIK) and armed
 robbery.  Tucker argues the trial court erred in admitting irrelevant testimony
 and improperly instructing the jury during trial.  We affirm.[1]
1. We find the
 trial court did not abuse its discretion in admitting the victim's testimony
 regarding the changes in his lifestyle after the defendant attacked him.  Generally,
 "[a]ll relevant evidence is admissible," and "[e]vidence which
 is not relevant is not admissible."  Rule 402, SCRE.  Evidence is relevant
 if it has "any tendency to make the existence of any fact that is of
 consequence to the determination of the action more probable or less probable
 than it would be without the evidence."  Rule 401, SCRE.  Additionally,
 among the essential elements of ABWIK, the State must prove intent.  State
 v. Foust, 325 S.C. 12, 15, 479 S.E.2d 50, 51 (1996).  "Such intent may
 be shown by acts and conduct from which a jury may naturally and reasonably
 infer intent."  Id. at 16
 n.4, 479 S.E.2d at 52 n.4.  Here, in presenting the victim's testimony
 regarding new precautions he had taken since he was attacked, the State introduced
 evidence tending to show the victim's impression that Tucker intended to kill
 the victim.  The victim's testimony suggests he took these precautions to
 protect his own life in the future because he believed Tucker intended to kill
 him during the initial attack.  Accordingly, the trial court did not err in
 admitting the victim's testimony.  
2.  As to
 Tucker's issue concerning the jury instruction, this issue is not preserved for
 review.  See State v. Dunbar, 356 S.C. 138, 142, 587 S.E.2d 691,
 693-94 (2003) ("Issues not raised and ruled upon in the trial court will
 not be considered on appeal.").  Accordingly, we find the trial court did
 not err in instructing the jury.
AFFIRMED.
HUFF, PIEPER,
 and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.