THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR
 RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
The State, Respondent,
v.
Robert T.
 Carroll, Appellant.
 
 
 

Appeal from Greenwood County
Eugene C. Griffith, Circuit Court Judge

Memorandum Opinion No.   2012-MO-006
Heard January 24, 2012  Filed April 4,
2012

AFFIRMED

 
 
 
William Norman Epps, III, of Epps, Nelson
and Epps, of Anderson, for Appellant.
Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
Elliott
Senior Assistant Attorney General Harold
 M. Coombs, Jr., of Office of the Attorney General, of Columbia, Solicitor Jerry
W. Peace, of Greenwood, for Respondent.
 
 
 

 PER
 CURIAM: Robert Carroll appeals his convictions for first degree burglary,
 assault and battery with intent to kill (ABIK), and possession of a firearm or
 knife during the commission of a violent crime.  He contends the circuit court
 erred in charging the jury that it could infer malice from the presence of a
 deadly weapon and that the required intent for ABIK was a general intent to
 commit serious bodily harm.  He also argues the circuit court erred in
 admitting a 911 tape into evidence, failing to quash his indictments, and
 failing to grant a new trial on the first degree burglary charge.  We affirm pursuant to Rule 220(b)(1),
SCACR, and the following authorities:  

 
 
 1.
 Permissive Inference
 of Malice: Tate v. State, 351 S.C. 418, 426, 570 S.E.2d 522, 527 (2002)
 ("An erroneous malice instruction is
 harmless if, based on all of the evidence presented to the jury, it did not
 contribute to the verdict."); Arnold v. State, 309 S.C. 157, 171-72, 420 S.E.2d 834, 842 (1992)
 (finding an erroneous malice charge did not contribute to the verdict where
 "[b]ased upon all the evidence presented . . . no rational juror could
have failed to find malice").    
 
 
 
 
 2.
 Requisite Intent for ABIK: State v. Foust, 325 S.C 12, 15, 479 S.E.2d 50, 51 (1996) (noting
 that proof of specific intent to kill is not required for a conviction of ABIK;
 the jury need only find general intent); Wharton's Criminal Law and
 Procedure, § 360 at p. 718-19 (12th Ed. 1957), cited with approval in
 Foust, 325 S.C. at 15, 479 S.E.2d at 51-52 (stating proof of a specific
 intent to take life is not necessarily required, so long as there is intent to
 commit grievous bodily injury such, had death occurred, the offense would have
been murder).
 
 
 
 
 3.
 Admission of 911
 tapes: State v. Torres, 390 S.C. 618, 625, 703 S.E.2d 226, 230 (2010)
 ("The appellate court reviews a trial judge's ruling on admissibility of evidence
 pursuant to an abuse of discretion
 standard and gives great deference to the trial court."); State v.
 Gilchrist, 329 S.C. 621, 630, 496 S.E.2d 424, 429 (Ct. App. 1998) (noting
 that a trial court has not abused its discretion in allowing evidence to be
 admitted where the danger of undue prejudice does not substantially outweigh
the probative value of the evidence).
 
 
 
 
 4.
 Failure to Quash Indictments: S.C.
 Code Ann. § 17-19-20 (2003) (stating that an indictment should be deemed
 sufficient if it "charges the crime substantially in the language of the
 common law or of the statute prohibiting the crime or so plainly that the
 nature of the offense charged may be easily understood").  State v.
 Wilkes, 353 S.C. 462, 465, 578 S.E.2d 717, 719 (2003), overruled on
 other grounds, State v. Gentry, 363 S.C. 93, 103, 610 S.E.2d 494,
 500 (2005) ("An indictment is sufficient if it apprises the defendant of
 the elements of the offense intended to be charged and apprises the defendant
what he must be prepared to meet.").
 
 
 
 
 5.
 Denial of New Trial on Burglary Charge: State v. Singley, 392 S.C. 270, 277, 709 S.E.2d 603, 606 (2011) (finding
 a defendant properly charged with burglary where he did not have "custody
 and control of, and the right and expectation to be safe and secure in, the
 dwelling burglarized"); State v. Johnson, 376 S.C. 8, 11, 654
 S.E.2d 835, 836 (2007) ("A trial judge has the discretion to grant or deny
 a motion for a new trial, and his decision will not be reversed absent a clear
abuse of discretion.").
 
 

AFFIRMED.
TOAL, C.J.,
PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.