**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Gerald Carlisle, Jr., Appellant.

Appellate Case No. 2008-111766

Appeal From Aiken County
J. Cordell Maddox, Jr., Circuit Court Judge

Unpublished Opinion No. 2013-UP-213
Heard May 7, 2013 – Filed May 22, 2013

**AFFIRMED**

Deputy Chief Appellate Defender Wanda H. Carter, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, and Assistant Attorney General William M. Blitch, Jr., all of Columbia; and Solicitor James Strom Thurmond, Jr., of Aiken, for Respondent.

**PER CURIAM:** Gerald Carlisle, Jr., appeals his convictions for four counts of a lewd act upon a child and two counts of first-degree criminal sexual conduct with a minor, arguing[1] the trial court erred in: (1) admitting into evidence expert testimony regarding child sexual abuse when the expert did not interview or meet the victim; (2) refusing to charge the jury on reasonable doubt; (3) its jury charge regarding prior crimes by a child younger than eighteen years of age; and (4) refusing to exclude evidence of prior alleged incidents of sexual abuse between Carlisle and the victim. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.    As to whether the trial court erred in admitting expert testimony when the expert did not interview or meet the victim: *State v. Weaverling*, 337 S.C. 460, 474, 523 S.E.2d 787, 794 (Ct. App. 1999) ("Expert testimony concerning common behavioral characteristics of sexual assault victims and the range of responses to sexual assault encountered by experts is admissible."); *id.* at 475, 523 S.E.2d at 794 ("There is no requirement the sexual assault victim be personally interviewed or examined by the expert before the expert can give behavioral evidence testimony. The fact that the expert does not personally interview the victim bears on the weight of the behavioral evidence not on its admissibility.").

2.    As to whether the trial court erred in refusing to charge the jury on reasonable doubt: *State v. Foust*, 325 S.C. 12, 16, 479 S.E.2d 50, 52 (1996) (noting that a jury charge which is substantially correct and covers the law does not require reversal).

3.    As to whether the trial court erred in its jury charge regarding prior crimes by a child younger than eighteen years of age: *State v. Hoffman*, 312 S.C. 386, 395, 440 S.E.2d 869, 874 (1994) (affirming convictions where jury charge was substantially correct).

4.    As to whether the trial court erred in refusing to exclude evidence of prior alleged incidents of sexual abuse between Carlisle and the victim: Rule 404(b), SCRE ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may,

---

[1] Pursuant to *Anders v. California*, 386 U.S. 738 (1967), Carlisle's counsel raised the first issue and moved to be relieved as counsel. Carlisle filed a separate *pro se* brief raising the second and third issues. This court denied counsel's petition to be relieved and directed the parties to brief the fourth issue.

however, be admissible to show motive, identity, the existence of a common scheme or plan, the absence of mistake or accident, or intent."); *State v. Wallace*, 384 S.C. 428, 433-34, 683 S.E.2d 275, 278 (2009) (providing the following non-exclusive list of factors to consider in determining whether a prior bad act is admissible under the common scheme or plan exception: (1) the age of the victims at the time of the abuse; (2) the relationship between the victims and the perpetrator; (3) the location where the abuse occurred; (4) the use of coercion or threats; and (5) the manner of the abuse); *State v. Gaines*, 380 S.C. 23, 29, 667 S.E.2d 728, 731 (2008) ("If the defendant was not convicted of the prior crime, evidence of the prior bad act must be clear and convincing."); *State v. Wilson*, 345 S.C. 1, 6, 545 S.E.2d 827, 829 (2001) (stating the appellate courts are bound by the trial court's factual findings when considering whether there is clear and convincing evidence of other bad acts unless they are clearly erroneous).

**AFFIRMED.**

**SHORT, THOMAS, and PIEPER, JJ., concur.**