NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 22, 2015[*]
Decided September 25, 2015

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 14-2477

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 12-CR-20025-001 |
| JERRY L. HENDRICKS, *Defendant-Appellant*. | Sue E. Myerscough, *Judge*. |

**O R D E R**

Jerry Hendricks, who is 68, was prosecuted on multiple counts in federal court after photographing himself molesting a young girl. At sentencing the district court concluded—and Hendricks agreed—that life imprisonment plus ten years was the minimum sentence that could be imposed given the defendant's prior convictions for sex crimes against children. The court did not think that the minimum sentence was long enough, however, and instead imposed life plus 30 years. On appeal Hendricks has changed course and now argues that life imprisonment was not mandatory on any count

---

[*] We granted the parties' motion to waive oral argument. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(f).

of conviction. We conclude that he has waived any challenge to his sentence and affirm the district court's judgment.

Hendricks, a longtime resident of South Carolina, has incurred 20 felony convictions in that state since 1970. Among them are two for committing a lewd act on a child under 16, *see* S.C. CODE ANN. § 16-15-140 (1996); three others for second-degree criminal sexual conduct with a minor, *id*. § 16-3-655(2) (1984); and five for "assault and battery of a high and aggravated nature," *see State v. Jones*, 130 S.E. 747, 751 (S.C. 1925) (defining elements of common-law offense), *overruled on other grounds by State v. Foust*, 479 S.E.2d 50 (S.C. 1996). All of the convictions for assault and battery involved offensive touching of a sexual nature, and one of the victims was a minor. Shortly after completing his most recent South Carolina sentence, Hendricks moved to Illinois to live with a former girlfriend. At her home he used a cell phone to photograph himself engaging in sexual contact with the woman's seven-year-old daughter. The child told her mother, and authorities seized the cell phone. Hendricks was charged with possessing child pornography, 18 U.S.C. § 2252(a)(4)(B); four counts of sexually exploiting a child, *id.* § 2251(a); and committing a felony sex offense while required to register as a sex offender, *id.* § 2260A. A jury returned guilty verdicts on all six counts.

A probation officer calculated a guidelines term of life imprisonment based on a total offense level of 43 and criminal-history category V. The probation officer concluded, though, that a recidivism enhancement for offenders convicted of enumerated sex crimes against children, *see id.* § 3559(e), mandated life sentences on the § 2251(a) counts. The probation officer also concluded that Hendricks faced statutory minimums of ten years on the two remaining counts, with the sentence on the § 2260A count required to run consecutively to the life terms. Hendricks did not object to the probation officer's understanding of the statutory penalties, and, in fact, at sentencing his lawyer expressly concurred that the district court was compelled to impose a life sentence. The judge too concluded that § 3559(e) applies; a single "prior sex conviction" is enough under the statute, and the judge reasoned that Hendricks's three convictions for criminal sexual conduct with a minor and his conviction for assault and battery involving a child victim all qualify (the judge was uncertain if committing a lewd act on a child under 16 also qualifies). The judge decided, however, that even a life term plus the consecutive ten years required by § 2260A was too little given Hendricks's "horrific sex crimes" against children. The court imposed life terms on the four § 2251(a) counts plus consecutive sentences of 20 years on the § 2252(a)(4)(B) count and 10 years on the § 2260A count, for a total of life plus 30 years.

On appeal Hendricks is represented by different counsel. He challenges the application of § 3559(e) principally on the ground that his prior convictions that triggered the recidivism enhancement were not alleged in the indictment or proven to a jury. Hendricks acknowledges that *Almendarez-Torres v. United States*, 523 U.S. 224, 239–47 (1998), rejects this contention, but he anticipates the decision being overruled by the Supreme Court. Unless that happens, however, the opinion binds us. *See United States v. Shields*, 789 F.3d 733, 741–42 (7th Cir. 2015); *United States v. Browning*, 436 F.3d 780, 782 (7th Cir. 2006).

In any event, Hendricks stipulated at trial to his prior convictions, did not object to the probation officer's account of his criminal history, and indeed his lawyer expressly conceded at sentencing that life imprisonment is mandatory. Thus, Hendricks has waived this argument and all other challenges to the recidivism enhancement. *See United States v. DeSilva*, 505 F.3d 711, 717 (7th Cir. 2007); *United States v. Walton*, 255 F.3d 437, 441–42 (7th Cir. 2001).

AFFIRMED.