*501 Justice KITTREDGE.
I respectfully dissent. I would affirm the court of appeals in result.
I agree with the majority that we should no longer approve the no-corroboration charge, but I would find any error in the trial court’s decision to give the charge in this case harmless. Contrary to the majority’s portrayal, the evidence presented in this case was much more than “he said, she said.” Multiple witnesses testified to the assault’s physical and emotional impact on the victim. Jacqueline Bruton, the victim’s friend, saw the victim shortly after the victim’s encounter with Stukes. Bruton testified there was a handprint on the victim’s face or neck after the attack, matching the victim’s version of the attack. Bruton observed that the victim appeared “afraid.” Investigator Brian Metz of the Richland County Sheriffs Department (the RCSD), who spoke with the victim at the hospital, described the victim’s demeanor as “withdrawn.” Donna Sharpe, the ER nurse who examined the victim with a rape kit, described the victim as “nervous and tearful.” Sharpe testified the victim “would withdraw from any kind of touch” and was “anxious and gripping the bed and tearful” when she underwent a pelvic examination. Sharpe’s notes also described a bruise and redness on the victim’s face and what appeared to be a hand mark on the victim’s neck. Finally, Sergeant Brian Godfrey of the RCSD testified that the victim was “visibly upset and crying” when he spoke with her about the incident in March 2010, nearly six years after it occurred. These witnesses’ testimony is consistent with the victim’s, in which she described a brutal assault that included being grabbed by the throat and punched in the face.
In addition to the evidence corroborating the victim’s testimony, the jury was presented with Stukes’s inconsistent statements. Stukes initially denied knowing the victim, much less having had sex with her. When pressed with the evidence, including the DNA match, Stukes remembered the victim and that they had consensual sex. Therefore, abundant evidence in addition to the victim’s testimony was presented to the jury.
Also conspicuously absent from the majority opinion is the trial court’s full jury charge on credibility. “[J]ury instructions should be considered as a whole, and if as a whole they *502 are free from error, any isolated portions which may be misleading do not constitute reversible error.” State v. Aleksey, 343 S.C. 20, 27, 538 S.E.2d 248, 251 (2000) (citing State v. Smith, 315 S.C. 547, 554, 446 S.E.2d 411, 415 (1994)). “A jury charge which is substantially correct and covers the law does not require reversal.” State v. Brandt, 393 S.C. 526, 549, 713 S.E.2d 591, 603 (2011) (citing State v. Foust, 325 S.C. 12, 16, 479 S.E.2d 50, 52 (1996)).
In this case, the trial court charged the jury, in relevant part, as follows:
The testimony of a victim in a criminal sexual conduct prosecution need not be corroborated by other testimony or evidence. Necessarily, you must determine the credibility of witnesses who have testified in this case. Credibility simply means believability. It becomes your duty as jurors to analyze and to evaluate the evidence and determine which evidence convinces you of its truth.
In determining the believability of witnesses who have testified in this case, you may believe one witness over several witnesses or several witnesses over one witness. You may believe a part of ... the testimony of the witness and reject the remaining part of the testimony of that same witness. You may believe the testimony of a witness in its entirety, or you may reject the testimony of a witness in its entirety.
You may consider whether any witness has exhibited to you an interest, bias, prejudice, or other motives in this case. You may also consider the appearance and manner of a witness while on the witness stand.
(emphasis added). When the jury asked for clarification, the trial court instructed the jury that “you must determine the credibility of all witnesses who have testified in this case.... [Y]ou may believe one witness over several witnesses, or several witnesses over one witness.” (emphasis added).
The trial court noted that its second charge made it clear the jury was to consider the credibility of every witness who testified, which necessarily included the victim. Therefore, when viewed in their entirety, the charges properly instructed the jury that it was to subject the victim’s testimony to the same scrutiny as that of other witnesses. Thus, any error in *503 giving the no-corroboration charge was cured by the full witness-credibility instructions.
In short, given the substantial corroborating evidence and the trial court’s extensive credibility instructions, any error was harmless. The result reached by the court of appeals, and therefore Stukes’s convictions and sentences, should be affirmed.
Acting Justice JAMES E. MOORE, concurs.