**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4795**

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

v.

DEON DINKINS,

Defendant - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Columbia.   Cameron McGowan Currie, Senior District Judge.  (3:11-cr-02061-CMC-1)

Argued:  October 26, 2017                            Decided:  December 12, 2017

Before WILKINSON, MOTZ, and HARRIS, Circuit Judges.

Reversed by unpublished per curiam opinion.

**ARGUED:** Thomas Ernest Booth, Criminal Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellant.  Kimberly Harvey Albro, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellee.  **ON BRIEF:** Beth Drake, Acting United States Attorney, Robert F. Daley, Jr., William K. Witherspoon, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina; Kenneth A. Blanco, Acting Assistant Attorney General, Trevor N. McFadden, Acting Principal Deputy Assistant Attorney General, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellant.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Deon Dinkins pled guilty to being a felon in possession of a firearm. The district court found that Dinkins's previous state conviction for assault and battery with intent to kill did not constitute a "violent felony" under the force clause of § 924(e)(2)(B) of the Armed Career Criminal Act ("ACCA"). Accordingly, the court concluded that Dinkins did not merit an enhanced sentence. The Government appeals. Because the force clause of § 924(e)(2)(B) mandates an increased sentence, we reverse.

I.

In 2012, Dinkins pled guilty to being a felon in possession of a firearm. Pursuant to 18 U.S.C. § 924(e)(2)(B), the pre-sentence report ("PSR") recommended imposing an increased sentence because Dinkins had previously been convicted of three predicate offenses, including South Carolina assault and battery with intent to kill ("ABIK"). Dinkins did not object to the PSR, and the district court imposed an enhanced sentence of 180 months imprisonment and five years of supervised release.

In 2015, the Supreme Court held the ACCA residual clause, § 924(e)(2)(B)(ii), void for vagueness. *Johnson v. United States* ("*Johnson II*"), 135 S. Ct. 2551 (2015). Section 924(e)(2)(B) had two subsections, however — the residual clause, § 924(e)(2)(B)(ii), and the force clause, § 924(e)(2)(B)(i) — and the PSR in this case did not specify whether Dinkins's prior conviction for ABIK qualified under only one clause or both.

Dinkins had previously filed, and the district court had dismissed, two motions for collateral review under 28 U.S.C. § 2255. Following the issuance of *Johnson II*, Dinkins

3

sought authorization from this court to file a successive § 2255 motion. Because Dinkins "made a prima facie showing that a new rule of constitutional law announced in [*Johnson II*], and held to apply retroactively to cases on collateral review by *Welch v. United States*, 136 S. Ct. 1257 (2016), may apply to his case," we authorized Dinkins's successive motion pursuant to 28 U.S.C. § 2244.

On collateral review, the district court found that ABIK did not qualify as a violent felony under the ACCA force clause and so, the court concluded, an enhanced sentence was inappropriate. The Government timely noted this appeal.

## II.

"We review de novo whether a prior conviction qualifies as an ACCA violent felony." *United States v. Doctor*, 842 F.3d 306, 308 (4th Cir. 2016). To qualify as a "violent felony" under the ACCA force clause, the predicate state offense must be "punishable by imprisonment for a term exceeding one year" and have "as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).[1] "'[P]hysical force' means *violent* force — that is, force

---

[1] The definition of "violent felony" in § 924(e)(2)(B) parallels the definition of "crime of violence" in the force clause of the U.S. Sentencing Guidelines, § 4B1.2(a)(1). Accordingly, courts look to the Supreme Court's Guidelines "crime of violence" analysis in cases interpreting § 924(e)(2)(B)'s definition of "violent felony." *See, e.g.*, *United States v. Martin*, 215 F.3d 470, 474 n.4 (4th Cir. 2000).

4

capable of causing physical pain or injury to another person." *Johnson v. United States* ("*Johnson I*"), 559 U.S. 133, 140 (2010).

To determine whether a prior state conviction constitutes a predicate violent felony, we follow the categorical approach.[2] *Doctor*, 842 F.3d at 308. This approach focuses on "only the elements of the state offense and the fact of conviction, not the defendant's conduct." *Id*. We must identify the elements of Dinkins's state conviction and determine whether the "'minimum conduct' required to sustain a conviction for the state crime" falls within the ACCA definition of a "violent felony." *Id.* (quoting *United States v. Gardner*, 823 F.3d 793, 803 (4th Cir. 2016)). There must be a "realistic probability, not a theoretical possibility," that a state would actually punish that minimum conduct. *See Gonzalez v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007).

### III.

At the time of Dinkins's conviction in 2004, ABIK was a common-law crime in South Carolina. Although the South Carolina legislature abolished common-law ABIK in 2010, this case requires us to examine the nature of the common-law crime prior to its repeal. *See* S.C. Code Ann. § 16-3-620 (1976), *repealed by* Act No. 273 § 7.A, at 13 (2010).

---

[2] A court can apply a modified categorical approach if the prior state offense is divisible, "meaning it sets out multiple elements in the alternative and at least one set of elements matches the federal definition" of a violent felony. *Doctor*, 842 F.3d at 308 n.3. The predicate state crime in this case, South Carolina ABIK, is not divisible.

South Carolina courts have defined ABIK as "an unlawful act of violent nature to the person of another with malice aforethought, either express or implied." *Suber v. State*, 640 S.E.2d 884, 886 (S.C. 2007); *State v. Sutton*, 532 S.E.2d 283, 285 (S.C. 2000). The State's case law establishes that ABIK has three elements: (1) assault, (2) battery, and (3) the *mens rea* requirement. Assault and battery include "any touching of the person of an individual in a rude or angry manner, without justification." *State v. Mims*, 335 S.E.2d 237, 237 (S.C. 1985) (citation and internal quotation marks omitted). Thus, neither assault nor battery involve the type of violent, physical injury required by the ACCA force clause. *See Johnson I*, 559 U.S. at 140. For this reason, in *United States v. Hemingway*, 734 F.3d 323, 335 (4th Cir. 2013), we held that the South Carolina offense of assault and battery with a high and aggravated nature was not categorically an ACCA violent felony.

The additional *mens rea* element in ABIK requires a different result here. South Carolina courts have often explained that "if the [ABIK] victim had died from the injury, the defendant would have been guilty of murder." *Sutton*, 532 S.E.2d at 285; *accord Suber*, 640 S.E.2d at 886; *State v. Fennell*, 531 S.E.2d 512, 517 (S.C. 2000); *State v. Foust*, 479 S.E.2d 50, 51 (S.C. 1995). Both murder and ABIK require only a general intent to kill. *See State v. Mattison*, 697 S.E.2d 578, 586 n.3 (S.C. 2010); *Sutton*, 532 S.E.2d at 285; *Foust*, 479 S.E.2d at 51. "The required mental state for ABIK, like murder, is malice aforethought." *Fennell*, 531 S.E.2d at 517; *accord Blakely v. State*, 602 S.E.2d 758, 759 (S.C. 2004); *Foust*, 479 S.E.2d at 51. The *mens rea* requirement in ABIK is thus satisfied

6

"so long as there is intent to commit grievous bodily injury such that, had death occurred, the offense would have been murder." *Foust*, 479 S.E.2d at 51–52.[3]

Dinkins contends that ABIK is not a violent felony because the "intent in someone's mind does not equate to the use, attempted use or threatened use of violent physical force." Appellee Br. 17–18.[4] To be sure, a person's intent to injure another grievously does not necessarily mean that the person has "used" violent physical force. But this principle does not compel the conclusion that ABIK is not categorically violent. This is so because to convict a defendant of ABIK, a State prosecutor had to prove that the defendant possessed the general intent to kill the victim, meaning that he intentionally performed an act capable of causing death, even if he did not intend for the ABIK victim to die. *See Foust*, 479 S.E.2d at 51–52; *Intent*, *Black's Law Dictionary* (10th ed. 2014) (defining general intent as the "intent to perform an act even though the actor does not desire the consequences that

---

[3] The Supreme Court of South Carolina recently reiterated these requirements in *State v. King*, __ S.E.2d __, No. 2015-001278, 2017 WL 4800004 (S.C. Oct. 25, 2017). The court reviewed the history of ABIK and held that in contrast to ABIK, which requires only a general intent to kill, the codified crime of attempted murder requires a specific intent to kill. *Id.* at *5–8; *see* S.C. Code Ann. § 16-3-29 (2003). Although some of the other language in *King* is unclear, this holding accords with the holding we reach today, and with the way that South Carolina courts have consistently viewed ABIK.

[4] Dinkins also briefly attempts to rely on *State v. Glover*, 4 S.E. 564, 567 (S.C. 1888), which upheld a defendant's conviction, even though the defendant had not succeeded in killing a child by poisoning, because the defendant clearly intended to kill the child and "some physical force must have been exerted to compel so small a child to drink such a nauseous drug." It is not clear that *Glover* involved an ABIK conviction. *See Dinkins v. United States*, 213 F. Supp. 3d 784, 787 nn.2 & 4 (D.S.C. 2016). But even if it did, *Glover* does not assist Dinkins here because the Supreme Court has expressly held that poisoning another "to cause physical harm" constitutes "violent force," even though "the harm occurs indirectly, rather than directly." *United States v. Castleman,* 134 S. Ct. 1405, 1414–15 (2014).

7

result"). Surely, a person who satisfies this requirement has "attempted . . . or threatened [to] use" "force capable of causing physical pain or injury." *See Johnson I*, 559 U.S. at 140, 143.

Even where the actual injury in an ABIK case was the lowest degree of assault and battery — a mere offensive touching — the State still had to prove that the defendant attempted or threatened to cause the more severe kind of bodily injury imagined by the force clause. Moreover, in practice, South Carolina has permitted courts and juries to infer the defendant's intent by looking to the actual use — rather than the attempted use — of violent force. *See Foust*, 479 S.E.2d at 49, 52 n.4; *State v. Dennis*, 742 S.E.2d 21, 27–28 (S.C. Ct. App. 2013); *State v. Coleman*, 536 S.E.2d 387, 388–90 (S.C. Ct. App. 2000).

We therefore conclude that ABIK categorically constituted a violent felony under the ACCA force clause. We note that the First and Sixth Circuits have reached this very conclusion with respect to similar *mens rea* elements that require specific intent. *See United States v. Edwards*, 857 F.3d 420, 425 (1st Cir. 2017) (Massachusetts armed assault with intent to murder); *Raybon v. United States*, 867 F.3d 625, 631–32 (6th Cir. 2017) (Michigan assault with intent to do great bodily harm). As the *Edwards* court said, "an assault committed with an intent to murder the victim becomes an attempted or threatened harmful battery — and thus an ACCA violent felony — because of the presence of that intent." 857 F.3d at 425.

8

IV.

For the foregoing reasons, the judgment of the district court is

*REVERSED.*